FILED BY _____ D.C.

DEC 12 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

Eric Watkins
7990 Hampton Blvd, Apt 110
North Lauderdale, Florida
33068

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ERIC WATKINS
                Plaintiff          CASE NO. _____

V

SERGEANT M. BIGWOOD,
OFFICER T. YOPAN #353,
Officer Samuel Ramos, Tanika
BECKFORD, JERMAINE A.
Jackson, Lauderhill Police
Department et. al.
                Defendant

① Jurisdiction is invoked, pursuant to 42 USC's 1983.

② Plaintiff, Eric Watkins, is a resident of Florida whose mailing address is 7990 Hampton Blvd, Apt. 110, North Lauderdale Fl. 33068

③ Defendant M. Bigwood is employed at the Lauderhill police department as a Sergeant. At the time of the alleged claim in the Complaint the

1 OF 20 pp

defendants acted in his individual and official capacity while on duty. This Plaintiff is suing him in his individual and official capacity.

(4) Defendant, Officer T. Yopps #353 is employed at the Lauderhill police department as an officer. At the time of the alleged claim in the complaint he acted in his individual and official capacity while on duty. This Plaintiff is suing him in both capacities.

(5) Defendant Samuel Ramos is employed at the Lauderhill police department as an officer. At the time of the alleged claim in the complaint he acted in his individual and official capacity while on duty. This Plaintiff is suing him in his individual and official capacities.

(6) Defendant Tanika Beckford is a resident of Ft. Lauderdale Florida.

(7) Jermaine A. Jackson is a resident of Ft. Lauderdale Florida.

(8) Lauderhill police department is a police department of the City of Lauderhill and is located at 6215 W. Oakland Park Blvd. Lauderhill FL 33313.

## Nature of the case

On 12/15/14 I was falsely arrested by the police officer defendants because of my exercise of my right to free speech.

## Cause of Action

I allege that my claims arise under the following constitutional provisions of laws of the United states and that the following facts forms the basis of my allegations.

## Counts one

It is Plaintiffs complaint that on 12/15/18 Defendants Bigwood, Yupps and Ramus, All police officers at the Lauderhill police department did willfully intentionally and with malicious intent to cause me hardship and mental Anguish did violate my fourth Amendment Right to be free from unreasonable seizure and arrest when they in bad faith arrested and seized plaintiff pursuant to Florida statute 394.463 (the baker act) inspite of the fact that no mental health professional certified that Plaintiff meets the criteria for involuntary examination. There was no other valid or viable reasons to believe that Plaintiff had a mental illness which caused him to refuse voluntary examination and

3 oF 20 pp

none of the defendants ever gave Plaintiff a con-
scientious explanation and disclosure of the
purpose of the examination. And there were no
reliable evidence that Plaintiff met the criteria for
involuntary examination hence no probable cause for
the seizure and arrest.

## Counts Two

It is Plaintiff's complaint that on Decem-
ber 15, 2014 Defendants Biswood, Yupps and Ramus
did, willfully and intentionally and with malicious
intent, violate Plaintiff First Amendment right to
free speech when they all Baker acted plaintiff
because of his exercise of his free speech
at the park. There was no valid, viable or rel-
iable reasons or evidence to Justify involuntary
examination and Baker acting.

## Counts three

On 12/15/14 Defendant Tanika Beckford and
Jermaine A. Jackson did willfully, intentionally
and with malicious intent to defame Plaintiff
by getting him arrested, based on a false claim,
statement and accusation against plaintiff to
Defendant Biswood and Ramus which resulted
and contributed to Plaintiff being arrested and
Baker acted. Plaintiff now has a record of being
Baker acted making him appear to have a mental
problem

4 of 20 PP

## Count Four

On 12/15/14 Defendant M. Bigwood did willfully intentionally, and with malicious intent to defame plaintiff & make him appear to have a mental problem that need involuntary examination, Wrote a supplemental report making false claims, Allegations and statements regarding what Plaintiff stated to him, other incidents involving plaintiff and regarding plaintiff's behavior while in the presence of the defendant. This statement was made public record and falsely paints plaintiff as a mental problem and case who is a trouble maker as a result.

6 of 20 pp

## Supporting Facts

On December 15, 2014 at approximately 9am I was patroning the Mullins Park, 2000 City Hall Drive. I was located in a parking space of the more then 60 feet away from the parks walk way where patrons walk or exercise. I was sitting down outside my car in front of a made up table singing Boom bye bye in a freyot boy head while making preparations to prepare breakfast

There were several patrons walking around the park excersing and I was singing the song. This has been my routine for more than a year prior.

Amongst those several patrons were two who took offence to me, singing the song, supra, they were later identified as Tanika Beckford and Jermaine A. Jackson.

Both Beckford and Jackson were walking and then jogging around the parks drive way and walkway while I was by my car singing. The guy Jackson stopped walking and began to curse me and then asked me for the second time, if I was speaking to him. I ignored him and kept singing.

Jackson got mad and attempted to approach and attack me. Beckford stopped him by setting infront of him and forcefully restrain him.

I continued to singing the song, supra, and they continued to curse me and then began to walk away and out the park while cursing me.

One of the things said to me by Beckford and Jackson was that they were going to call the police and get me arrested for singing the song at the park.

Some time after 10 am while I was actually about to prepare breakfast Defendant Ramos and officer Manchego - who I had a history with-drove into the park and up approximately 80 feet or more away from where I was by my car.

Defendant Ramos and officer Manchego approached me and Ramos informed me that two of the patrons had called 911 and complained that I was in the park disturbing the peace.

In a calm cool and collected manner I informed Defendant Ramos that the video camera was on on my phone and that I was videotaping him and the conversation. Ramos said it was okay. I then informed him that I was not creating a disturbance. That I was merely singing a song Boom bye bye in a Faggot boy head and the two patrons got upset and started cursing me.

8 of 20 PP

Ramus then informed me that his supervisor was on his way and that he'll talk to me when he arrive.

Shortly after Sergeant Bigwood arrived and approached me and in the presence of the other officers he informed me that two patrons of the park, later, identified as Beckford and Jackson complained that I was in the park saying antigay slurs out loud while waving a knife in my hands.

I stated to defendant Bigwood that I was singing an antigay song out loud by Reggea Artist Buju Banton called boom bye bye in a batty boy head. That Beckford and Jackson were walking then passing through the park at the time. Both Beckford and Jackson stopped walked over to the area where I was, not close to me but close enough, and began to curse me about singing the antigay song. I ignored them and continued to singing the antigay song. That Jackson then ask me if I'm talking to him. I ignored him and continued to sing the song.

Then Jackson got more irate and attempted to aggressively approach me but Beckford forcefully restrained him. I continued to sing the song and they continued to curse me while they walked away and left the park.

Defendant Bigwood then asked me if I

9 of 20 pp

possessed a knife. I told him I have two knives both of which I use to prepare my daily meals because Im homeless and lives out of my car.

Defendant Bigwood then asked me where are the knives. I told him in my car in the Food Crate.

Defendant Bigwood then asked me if I had any of the knives in my hands Waving while I was singing the antigay song. I told him "No I never had out any of the knives because I did start to prepare my breakfast is yet.

He then ask me how does Beckford-the Female= know I have a knife, I stated to him that Im homeless and every day I park up in the park with my desk outside my car either doing writing or preparing my meals.

Defendant Bigwood then ask me to sing the antigay song for him. I began to sing "World is in trouble anytime batty batten comes faggot boys get up and run. Is like boom bye bye in faggot boy head rude boy nah promote no faggot boy dem have to dead." The defendant Bigwood then stop me from singing the song saying Okay and he walked away and went to Beckford

10 of 20 pp

and Jackson and spoke with them For a while.

Defendant Bigwood then returned to me and informed me that because of my singing of the song in the parks, the conduct complained of by Beckford and Jackson and the April 17, 2014 incident at another park, he believed I needed a mental Health examination.

I explained to Bigwood that I did not behave the way the two complainants claimed. That I have a constitutional right to sing the antigay song at the park and that the April 17, 2014 incident at the park didnt involve any patron complaining me., that it involved the park manager wanting me officially trespassed from the park because I had been verbally trespassed a year prior and had returned to the park a year later after being cleared to do so by by Lauderhill police department.

Defendant Bigwood was shocked by this information and went to speak to officer Manchula because he was the officer involved in the April 17, 2014 incident at the other park.

Defendant Bigwood returned to me and informed me that Manchula confirmed what I had stated but that he still believes that I need a mental examination because of my constant singing of the antigay song in parks and because he

believe I was waving the knife, note only one of the witnesses told Bigwood that I was waving a knife while singing and that was Beckford Jackson never confirmed or stated such.

Bigwood then ask plaintiff if he would voluntarily go to the mental facility for a mental examination. I refused to voluntarily go to the mental facility again stating that I was only singing a song in the park and that it was not directed at anyone that there were other patrons in the park and ne me complained or felt that it was directed at them, and that Beckford and Jackson was lying.

Bigwood then informed me that under the Baker Act he could force me to go. I then repeated to him that I'm not volunteering to go and He then ordered officer Ramos and Yupps to arrest me.

Both Yupps and Ramos arrested me by placing hand restraints on my wrist without any resistance from me. They tightened the hand cuffs on my wrist very tight and Ramos walked me to his police car and put me in it. Ramos also confiscated my phone from me.

While in the police car I would repeatedly ask Ramos to slacken up the hand cuffs he would promise to but never did.

12 of 20 pp

During the Whole incident I was never loud angry or rude to the others. I never became Combative and never used any obscenities to the others.

None of the claims of Beckford or Jackson or any other April 17, 2014 Claims was reliable because this was the first time I had ever had any incident at that park, and The first time I had ever seen Beckford or Jackson and it was the first time they ever had any incident with me. There's no Affidavit of either witness - Beckford or Jackson - nor even a signed statement by either. There was no Affidavit on file at the Lauderhill police department from any Complainant regarding the April 17, 2014 incident or any other incident.

This whole encounter was video taped by me but When I got my cellula phone back from the medical facility upon release and tried to access the video I noticed it had been deleted. only Ramos and Manchola knew I was recording the incident.

Beckford gave the following false statements to Defendant Bigwood regarding plaintiff:

That each time Beckford's Boy friend Jackson passed Watkins Watkins would became agitated and begin to shout antihomosexual slurs at him. - This is a false

13 of 20 PP

statement. I never did this, supra.

According to Beckford Watkins became increasingly hostile and appeared as if he was preparing to engage in a physical altercation with her boyfriend Jackson. This is another false statement. I never did this, supra.

According to Beckford Watkins saw her using the telephone and began shouting anti homosexual slurs in her direction and began stabbing into the air toward her with a small knife. This is another false statement. This is another false statement. I never did any of this, supra.

Defendant Jackson gave the following false statement regarding plaintiff:

According to Jackson While he was jogging plaintiff Burst into a tirade of anti homosexual slurs directed at Jackson calling him a batty boy and exited his vehicle. This is a false statement. I never did any of these things.

Defendant Bigwood wrote the following false statement regarding plaintiff:

According to Bigwood's supplemental report he states that Plaintiff stated to him that he hates homosexual and agreed that he was shouting anti-homosexual slurs and reciting specific lyrics

14 of 20 PP

From Boom bye bye, such as the line about
shooting homosexuals and setting them on fire.
That Plaintiffs behavior varied from calm to angry
with out warning. That Watkins expressed feelings
of conspiracy that random citizens and the
police were targeting him without specific cause.
That Plaintiff displayed this same behavior
during a previous police interaction on 4/17/14,
where a park manager called reporting that Watkins
was harassing Joggers by shouting anti homosexual
slurs and acting aggressively. That Watkins became
Combative "and stated "I'm not fucking going any
where" and a moment later Watkins calmed
and complied with police orders. All of this state
ment made by defendant Birwood regarding what
he's claiming I stated to him, regarding the
April 17, 2014 incident and regarding my behavior
and conduct are all false statements. I never
made these statement and never conducted my
self in the manner he claims.

    Prior to December 15, 2014 Defendant Beckford
and Jackson never knew me nor had any encounter
with me.

    Prior to December 15, 2014 no mental health
professional ever certified that plaintiff met the
Criteria for involuntary examination

    The incident on April 17, 2014 did not involve the
same alleged behavior and Plaintiff explained
        15 OF 20 PP

to defendant Bigwood what the incident was about and he confirmed it with other marchola.

Plaintiff did sure Bigwood concrete reasons for his conspiracy claim which Bigwood acknowledge.

It is Plaintiff's complaint that his police record of being Baker Acted coupled with the false statements, claims and accusations there in is one of the major reasons plaintiff cannot get a Job. Plaintiff is seen as a trouble maker and mental problem and case. Additionally prejudice to plaintiff is presumed because of the very fact that the false statements are contained in public records accessible to the public.

This arrest and Baker Act and the false statements both verbal and written did cause plaintiff humiliation and embarrassment because there were other patrons on the park and outside the park walking by and stopping and observing the arrest and seizure of myself.

During the whole incident, that is from the time defendant Ramos, officer Marchola, Defendant Yopps and defendant Bigwood made contact with plaintiff up to when plaintiff was arrested/seized taken to the mental facility up to when plaintiff was released from the mental facility plaintiff suffered emotional

stress and anguish. Plaintiff was Frightened and worried about what would transpire during the Baker Act and how long and when would he be released.

The Arrest and Baker Act also caused Plaintiff hardships in that upon release from the mental facility plaintiff did not have access to his vehicle and had to find the money to pay to get his vehicle from the tow trucks company Plaintiff once again would have to borrow money from friends and family and had to walk long distances to get the money and to get to where his vehicle was located.

As expressed to defendants Bigwood, Ramus, Yupps and Manchola, that the arrest was a conspiracy between the officers and the Complainants but specifically the officers to retaliate against plaintiff and to cause him mental anguish and stress and hardships because of Plaintiffs past and pending law suits against numerous Lauderhill police officers, including officer Manchola who was present. That the arrest was also initiated to disrupt and hinder plaintiff from timely filing a response in court in the case against Manchola which he had a set court ordered deadline for.

Plaintiff believes this ordeal lasted from 12/15/14 till approximately 12/18-19/14 after plaintiff was released from the medical facility and after getting back his car.

17 of 20 PP

Prayer For Relief

Wherefore Plaintiff respectfully ask that this court enter Judgment granting Plaintiff the following:

(A)   Compensatory damages in the amount of one million dollar ($1,000,000.00) from defendant M. Bigwood and two hundred fifty thousand dollars ($250,000.00) from defendants Ramos and Yopps for their role in my arrest and Baker acting, their violation of my constitutional rights, the false arrest and baker acting and the days plaintiffs freedom was taken from him and for the humiliation, embarrassment and mental distress and anguish and hardships they caused plaintiff as a result their malicious arrest and baker acting.

(B)   Punitive damages of one million dollars ($1,000,000.00) Defendant M. Bigwood and two hundred fifty thousand dollars from defendants Ramos and Yopps for their willfull, intentional and malice based violation of my constitutional rights that was intended to cause tangible and intangible serious injury and did cause such, and for their conduct that was flagrantly indifferent to plaintiffs rights with the subjective awareness that such conduct will result in tangible and intangible injury. Plaintiff also seeks Punitive damages against the defendants to discourage similar conduct in the future by them and other officers that may choose to go down such a route.

C) Plaintiff seeks compensatory damages of one million dollars ($1000,000.00) from defendants Beckford and Jackson for the role they played in my arrest and later stating as alleged in this complaint and for the humiliation embarrassment and emotional distress plaintiff suffered as a result of their false statements and for defaming plaintiff.

D) Plaintiff also seeks punitive damages of one million dollars ($1000,000.00) each from Beckford and Jackson for their willfull, intentional and malice based false statements that was intended to get plaintiff arrested and cause him intangible injuries, including mental distress, humiliation, embarrassment and hardships and for their flagrant disregard and indifference to Plaintiff's rights with the subjective awareness that such conduct will result in tangible and intangible injury. Also plaintiff seeks punitive damages against the defendants to discourage similar conduct in the future by other citizens that may choose to do as is claimed the defendants' did.

E) Id add that the compensatory and punitive damages plaintiff seeks from Defendant M. Bigwood is also for his defaming of plaintiff as alleged in this complaint.

F) Plaintiff seeks a jury trial all issues alleged herein,

G) Any other relief deemed Just, proper and

19 OF 20 pp

equitable.

Respectfully submitted this 12 day of December 2018

Eric Watkins
7990 Hampton Blvd. Apt. 110
North Lauderdale, Florida 33068

Verification

I Eric Watkins is the plaintiff and undersigned in this civil complaint, declares that I have read the foregoing Complaint and hereby verify and claim that the matters alleged herein are true, except as to matters alleged on information or belief, and, as to those, I believe them to be true. I certify under the penalty of perjury that the foregoing is true and correct.

Executed at FT. Lauderdale Florida on December 12, 2018.

Eric Watkins /

20 of 20 PP