# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-63035-BLOOM/Valle

ERIC WATKINS,

    Plaintiff,

v.

SERGEANT M. BIGWOOD, *et al.*,

    Defendants.

_____/

## ORDER ON MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE

**THIS CAUSE** is before the Court upon the *pro se* Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*, ECF No. [4] (the "Application" or "Motion"), filed in conjunction with Plaintiff's Complaint, ECF No. [1] (the "Complaint"), asserted against Defendants Sergeant M. Bigwood ("Bigwood"), Officer T. Yoppa, Officer Samuel Ramos ("Ramos") (collectively, "Police Defendants"), Tanika Beckford ("Beckford"), Jermaine A. Jackson ("Jackson"), and the Lauderhill Police Department (collectively, "Defendants"). Plaintiff Eric Watkins ("Plaintiff" or "Watkins") has not paid the required filing fee and, thus, the screening provisions of 28 U.S.C. § 1915(e) are applicable. The Court has carefully reviewed the Complaint, the Application, and the record in this case, and is otherwise fully advised in the premises. For the reasons that follow, Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** and the Application is **DENIED AS MOOT**.

Fundamental to our conception and system of justice is that the courthouse doors will not be closed to persons based on their inability to pay a filing fee. Congress has provided that a court "may authorize the commencement . . . or prosecution of any suit, action or proceeding . . .

or appeal therein, without the prepayment of fees . . . therefore, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees. . . ." 28 U.S.C. § 1915(a)(1); *see Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (interpreting statute to apply to all persons seeking to proceed *in forma pauperis* ("IFP")). Permission to proceed *in forma pauperis* is committed to the sound discretion of the court. *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986); *see also Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 916 (11th Cir. 2014) ("A district court has wide discretion in ruling on an application for leave to proceed IFP."). However, "proceeding *in forma pauperis* is a privilege, not a right." *Camp*, 798 F.2d at 437.

In addition to the required showing that the litigant, because of poverty, is unable to pay for the court fees and costs, *Martinez*, 364 F.3d at 1307, upon a motion to proceed *in forma pauperis* the Court is required to examine whether "the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint satisfies any of the three enumerated circumstances under section 1915(e)(2)(B), the Court must dismiss the complaint.

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of

'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Importantly, "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and [are] liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). "But the leniency accorded *pro se* litigants does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading to sustain an action." *Matthews, Wilson & Matthews, Inc. v. Capital City Bank*, 614 F. App'x 969, 969 n.1 (11th Cir. 2015) (citing *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)). Through this lens, the Court evaluates the instant Complaint.

Watkins, who is homeless, alleges that he was in the parking lot of Mullins Park on December 14, 2015, sitting outside his car while preparing to make breakfast, and singing an antigay song by reggae artist Buju Banton. Several people were walking and exercising in the park, including Defendants Beckford and Jackson. According to Watkins, Jackson took offense to the song he was singing and his refusal to stop singing it. Beckford and Jackson told Watkins that they would call the police and have him arrested for singing the song at the park. A little later, two Lauderhill police officers, including Defendant Ramos, approached Watkins and told him that two park patrons had called 9-1-1 complaining that he was disturbing the peace. According to Watkins, he had a "history" with Defendant Ramos and Officer Manchula. Watkins explained to Ramos that he was singing the Buju Banton song and was not creating a disturbance. Thereafter, Ramos informed Watkins that his supervisor, Defendant Bigwood, would be arriving on scene to speak with Watkins.

Upon arrival, Bigwood spoke to Watkins and informed him that Beckford and Jackson had complained that he had been saying antigay slurs out loud while waving a knife. Watkins explained to Bigwood that when Beckford and Jackson confronted him about singing the song, Watkins simply ignored them and continued to sing, and denied having a knife in his hand. Bigwood then informed Watkins that he believed Watkins needed a mental health evaluation based upon the instant incident, and a previous similar incident that occurred in April, 2014. Watkins refused to voluntarily submit himself to a mental health examination, so Bigwood directed Defendants Ramos and Yoppa to arrest him. According to Watkins, Beckford and Jackson made various false statements to police and Bigwood also made false statements in his supplemental report regarding the incident. Watkins contends that these false statements are one of the main reasons he is unable to obtain employment. As a result, Watkins asserts four claims against Defendants for violation of his First and Fourth Amendment rights, and for defamation.

Upon review, the Complaint in this case must be dismissed because it fails to state claims upon which relief can be granted, the claims for defamation are barred by the statute of limitations, and the Police Defendants would be entitled to qualified immunity upon the facts alleged.[1] At the outset, the Court notes that Watkins is no stranger to this Court, having initiated over thirty cases in the last six years, nor is it the first time he has asserted claims arising from his penchant for singing antigay songs. *See* Case Nos. 14-cv-14-cv-61144-JIC (singing antigay song in Broward Main Jail), 14-cv-60257-JIC (singing Buju Banton song in parking lot), 14-cv-60354-CMA (service refused and asked to leave post office for refusing to stop singing antigay song), 14-cv-61205-WPD (ordered out of Broward jail for singing antigay song), 16-cv-60437-KMW (ordered out of parking lot after confrontation and singing antigay song), 16-cv-63017-

---

[1] Other than naming the Lauderhill Police Department as a Defendant, Watkins has alleged no facts or claims against the Department.

WPD (claimed retaliation for singing antigay song in Broward Main Jail), 17-cv-62547-WPD (ordered to leave parking lot after people walking through called the police and he was singing antigay song).

In the instant case, Watkins claims that the Police Defendants violated his First and Fourth Amendment rights for arresting him and subjecting him to involuntary mental examination pursuant to the Baker Act, Florida Statutes section 394.463, for singing his antigay song.

"To state a First Amendment retaliation claim, the commonly accepted formulation requires that a plaintiff must establish first, that his speech or act was constitutionally protected; second, that the defendant's retaliatory conduct adversely affected the protected speech; and third, that there is a causal connection between the retaliatory actions and the adverse effect on speech." *Bennett v. Hendrix*, 423 F.3d 1247, 1250 (11th Cir. 2005); *see also Castle v. Appalachian Tech. College*, 631 F.3d 1194, 1197 (11th Cir. 2011) (To establish a First Amendment free speech retaliation claim, a plaintiff must show that "(1) her speech was constitutionally protected; (2) she suffered adverse conduct that would likely deter a person of ordinary firmness from engaging in such speech; and (3) there was a causal relationship between the adverse conduct and the protected speech."). However, "[d]epending on the circumstances, offensive speech may not receive the same protections as other potentially expressive activities." *Watkins v. U.S. Postal Employee*, 611 F. App'x 549, 552 n.2 (11th Cir. 2015). Indeed, "[t]he ability of the government to constrain First Amendment activity on public property depends on the type of forum involved . . . ." *Id.* at 551. Nevertheless, even assuming that Watkins's right to sing his antigay song is protected by the First Amendment, he fails to allege any facts with respect to the second and third elements of his claim. Indeed, as pled, the Police Defendants

"Baker Acted" Watkins based in pertinent part upon their prior experience with him.

Moreover, even if a plaintiff adequately alleges the violation of First Amendment rights, a defendant "will still be entitled to qualified immunity unless those rights were clearly established at the time the violations took place." *Amnesty Int'l USA v. Battle*, 559 F.3d 1170, 1184 (11th Cir. 2009). "Qualified immunity offers complete protection for government officials sued in their individual capacities if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Kingsland v. City of Miami*, 382 F.3d 1220, 1231 (11th Cir. 2004) (quoting *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002)); *see also Storck v. City of Coral Springs*, 354 F.3d 1307, 1313 (11th Cir. 2003). A right is "clearly established" if it was "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Amnesty Int'l USA*, 559 F.3d at 1184 (internal quotation marks omitted). Even if there were a First Amendment right to sing an "antigay song" under the circumstances alleged, there are no factual allegations showing that such a right was clearly established. "[D]iscriminatory speech is not protected speech as 'potentially expressive activities that produce special harms distinct from their communicative impact . . . are entitled to no constitutional protection.'" *Booth v. Pasco Cty., Fla.*, 829 F. Supp. 2d 1180, 1203 (M.D. Fla. 2011) (quoting *Roberts v. United States Jaycees*, 468 U.S. 609, 104 S. Ct. 3244, 82 L. Ed. 2d 462 (1984)). Plaintiff has not alleged facts that, if true, show that the Police Defendants violated his clearly established First Amendment rights.

Watkins's Fourth Amendment claim for false arrest fairs no better. "Probable cause to arrest exists when law enforcement officials have facts and circumstances within their knowledge sufficient to warrant a reasonable belief that the suspect had committed or was committing a crime." *Case v. Eslinger*, 555 F.3d 1317, 1327 (11th Cir. 2009) (quoting *United*

*States v. Gonzalez*, 969 F.2d 999, 1002 (11th Cir. 1992)). "Although probable cause requires more than suspicion, it does not require convincing proof and need not reach the same standard of conclusiveness and probability as the facts necessary to support a conviction." *Lee v. Ferraro*, 284 F.3d 1188, 1195 (11th Cir. 2002) (quotations omitted). The probable cause inquiry is "undertaken in light of the specific context of the case, not as a broad general proposition." *Saucier v. Katz*, 533 U.S. 194, 201 (2001). "Absent probable cause, an officer is still entitled to qualified immunity if arguable probable cause existed." *Case*, 555 F.3d at 1327 (citing *Lee*, 284 F.3d at 1195). "Arguable probable cause exists 'where reasonable officers in the same circumstances and possessing the same knowledge as the Defendant could have believed that probable cause existed to arrest.'" *Id.* (quoting *Scarbrough v. Myles*, 245 F.3d 1299, 1302 (11th Cir.2001)). As alleged in the Complaint, even though Watkins disagrees with whether he in fact met the statutory criteria to be Baker Acted, the Police Defendants took him into custody based upon their previous experience with him, and after speaking to him and Defendants Jackson and Beckford about the instant incident. Accordingly, Watkins fails to state a plausible claim for violation of his Fourth Amendment rights.

In addition, Watkins's defamation claims are barred by the statute of limitations. In Florida, the statute of limitations applicable to a defamation claim is two years. *Bloom v. Alvereze*, 498 F. App'x 867, 877 (11th Cir. 2012) (citing Fla. Stat. § 95.11(4)(g)). According to Watkins, on December 15, 2014, Defendants Beckford and Jackson defamed him by making false statements to the police, and Defendant Bigwood made false statements in his supplemental report. Therefore, the statute of limitations expired on December 15, 2016, and any defamation-based claim is barred.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE.**

2. Plaintiff's Application, **ECF No. [4],** is **DENIED AS MOOT.**

3. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 7th day of January, 2019.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Eric Watkins, *pro se*
7990 Hampton Blvd.
Apartment 110
North Lauderdale, Florida 33068
kemet121671.ew@gmail.com