ERIC WATKINS,

      Plaintiff,

vs.

SERGEANT M. BIGWOOD, *et al.*,

      Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court upon Defendants Sergeant M. Bigwood's ("Bigwood"),

Officer T. Yopps' ("Yopps"), and Officer Samuel Ramos' ("Ramos") (collectively, "Defendants")

Motion to Dismiss and Motion for More Definite Statement, ECF No. [24] ("Motion"). Plaintiff

filed his Response, ECF No. [25] ("Response"), to which Defendants filed their Reply, ECF No.

[26] ("Reply"). The Court has considered the Motion, the Response, the Reply, the record in this

case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion

is granted in part and denied in part.

### I.      BACKGROUND

This matter stems from a lawsuit that *pro se* Plaintiff initiated on December 12, 2018

against Defendants Lauderhill Police Department ("Department"), Tanika Beckford, and Jermaine

A. Jackson. ECF No. [1]. Counts I and II assert claims under 42 U.S.C. § 1983 against Defendants

in their individual and official capacities for false arrest and retaliation in violation of his First and

Fourth Amendment rights. *Id.* Counts III and IV assert claims for defamation against Bigwood,

Jackson, and Beckford. *Id.*

Upon a *sua sponte* review, the Court previously dismissed the case in its entirety,

determining that Counts I and II failed to allege sufficient facts to state those claims and that Counts III and IV were barred by the statute of limitations. ECF No. [7] ("Order"). On appeal, the Eleventh Circuit held that the Court erred in dismissing Plaintiff's Fourth and First Amendment claims but agreed that Plaintiff's defamation claims were barred by the applicable statute of limitations. ECF No. [15]. Thus, the Order was affirmed in part and vacated in part solely as it related to Counts I and II, Plaintiff's Fourth and First Amendment claims. *See* ECF No. [15] at 13; ECF No. [17]. The Court now revisits the Complaint.

Plaintiff alleges that on December 15, 2014, he was homeless and living out of his car. ECF No. [1]. He asserts that on that date, he was sitting outside his car in the parking lot of a public park while preparing to make breakfast and was singing an anti-gay reggae song.[1] *Id.* According to the Complaint, two joggers, Beckford and Jackson, were offended by Plaintiff's singing. Plaintiff alleges that Jackson cursed at him and attempted to physically attack him but was restrained, and they walked away while Plaintiff continued to sing. *Id.* Sometime later, Officers Ramos and Manchula[2] arrived on the scene followed by Bigwood. Bigwood told Plaintiff that Beckford and Jackson had complained that Plaintiff had been making anti-gay slurs while waiving a knife in his hand. Plaintiff acknowledged that he kept two knives in his car for preparing meals, but he denied that he had taken his knives out of his car that morning. *Id.*

Bigwood reportedly informed Plaintiff that he believed Plaintiff needed a mental health examination based upon the present incident and a previous incident eight months earlier in April 2014 at another park in which Officer Manchula was involved. *Id.* Plaintiff alleges that he refused to voluntarily submit himself to a mental health examination. He represents that in response,

---

[1] The song's lyrics included references to shooting homosexuals and setting them on fire, and included the terms "faggot" and "batty boy."

[2] Officer Manchula is not named as a defendant.

Bigwood ordered Ramos and Yopps to arrest him pursuant to Florida's Baker Act, Fla. Stat. § 394.463. Plaintiff alleges that he was handcuffed, placed in a police car, and had his phone confiscated.[3] *Id.*

According to Plaintiff, Beckford and Jackson made various false statements to police, such as Plaintiff shouting anti-gay slurs at Jackson, appearing hostile and preparing to physically engage Jackson, and stabbing the air toward Beckford with a knife. *Id.* Plaintiff further alleges that Bigwood made false statements in his supplemental report regarding the incident. Specifically, he alleges that Bigwood falsely reported that Plaintiff told him that he hates homosexuals, that his behavior varied "from calm to angry without warning," that he "expressed feelings of conspiracy that random citizens and the police were targeting him without specific cause," and that Plaintiff had displayed the same behavior during his previous police encounter on April 17, 2014, when a park manager reported that Plaintiff was harassing joggers, shouting anti-gay slurs and acting aggressively. *Id.*

In the Complaint, Plaintiff denies that he was loud, angry, rude, or combative. He also denies that he waved a knife or acted aggressively toward Beckford or Jackson. He alleges that before his arrest, he gave Bigwood "concrete reasons for his conspiracy claim," including that the officers arrested him in retaliation because he had filed other lawsuits against officers with the Department, including Officer Manchula. *Id.* Plaintiff alleges that as a result of being Baker Acted, he is "seen as a trouble maker and mental problem and case," and he cannot get a job. *Id.*

Defendants now move to dismiss Counts I and II to the extent that Plaintiff asserts these claims against them in their official capacities. ECF No. [24] at 2. Defendants assert that all

---

[3] Plaintiff alleges that he was video recording the entire incident on his cell phone, but that when he was released from the medical facility, the video was deleted from his phone. ECF No. [1]. He alleges that only Officers Ramos and Manchula knew that he was recording the incident.

governmental entities have been dismissed and, therefore, the claims should only proceed against them in their individual capacities. Defendants also move for a more definite statement. They argue that the Complaint does not include numbered paragraphs for the allegations thus making it "effectively impossible" for Defendants to draft a clear response to each claim. *Id.*

Plaintiff responds that the Eleventh Circuit panel did not explicitly affirm dismissal of claims against the Lauderhill Police Department and that he should be permitted leave to amend to state a claim against the officers in their official capacities through a separate count and additional supporting facts. ECF No. [25]. He further counters that although he did not use numbered paragraphs, his pleading is not vague or ambiguous because he used separate paragraphs with a space between each paragraph. *Id.*

In reply, Defendants argue that the Complaint fails to meet the pleading standard required to assert Section 1983 claims against Defendants in their official capacities. ECF No. [26]. They also assert that Plaintiff's "belief" that discovery may produce evidence to support a *Monell* claim does not salvage an otherwise insufficiently pled claim. *Id.* Further, Defendants maintain that the pleading is procedurally inadequate given the near twenty pages of unnumbered paragraphs. They add that Plaintiff should not be excused from the pleading requirements of Rule 10, Fed. R. Civ. P., even though he is *pro se* given his status as a vexatious litigant.[4] *Id.*

The Motion, accordingly, is ripe for consideration.

---

[4] Plaintiff has been deemed to be a vexatious litigant and enjoined from filing any further lawsuits in this district without prior approval of the Court for suits filed after October 15, 2019. *See Watkins v. Dubreuil, et al.*, Case No. 19-62260-CIV-WPD, ECF No. [12] (S.D. Fla. Nov. 25, 2019).

## II.    LEGAL STANDARDS

### A.    Motion to dismiss

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)).

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682).

A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central

to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

## B.     Motion for a more definite statement

Under Rule 12(e), "a party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Because courts liberally construe the pleading standard under Rule 8(a), "a short and plain statement" will be enough, unless, upon motion, a party establishes that the pleading "is so ambiguous that [they] cannot reasonably" respond. *Betancourt v. Marine Cargo Mgm't, Inc.*, 930 F. Supp. 606, 608 (S.D. Fla. 1996).

## C.     *Pro se* litigants

Courts must liberally construe all pleadings submitted by a *pro se* litigant. *See Jarzynka v. St. Thomas Univ. of Law,* 310 F. Supp 2d 1256, 1264 (S.D. Fla. 2004). Notwithstanding such leniency, courts cannot serve as *de facto* counsel for a party and cannot rewrite a deficient pleading for the sake of sustaining an action. *Id.* (quoting *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F. 3d 1359, 1369 (11th Cir. 1998)). That is, "[t]he Court cannot simply 'fill in the blanks' to infer a claim." *Grady v. Georgia Dep't of Correction*, No. CV409-103, 2010 WL 322881, at *2 (S.D. Ga. Jan. 27, 2010). In determining whether a *pro se* litigant has stated a claim, "the court ought not penalize the litigant for linguistic imprecision in the more plausible allegations" while keeping in mind that "wildly implausible allegations in the complaint should not be taken to be true." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).

### III. DISCUSSION

#### A. Official capacity claims

The Complaint alleges that Defendants acted in their individual and official capacities at the time of the alleged incident. *See* ECF No. [1]. Defendants argue that Counts I and II should be dismissed with prejudice to the extent they assert claims against them in their official capacities. Plaintiff asserts that his suit against the Lauderhill Police Department was not explicitly dismissed, and that his "suit against the defendants in the official capacity is actually a claim against the government entity who the defendants work for." ECF No. [25]. Upon review, the Court agrees that Counts I and II fail to state an actionable claim against Defendants in their official capacities. But dismissal with prejudice is inappropriate at this time.

As an initial matter, the Court disagrees with Plaintiff's characterization of the record. The Eleventh Circuit's mandate noted that although Plaintiff named the Department as a defendant, Plaintiff "has alleged no facts about the Department and has asserted no claims against the Department." *See* ECF No. [15] at 6 n.4. That court, accordingly, "affirm[ed] the dismissal of Plaintiff's complaint against the Department." *Id.* Moreover, Plaintiff has not served the Department nor has it properly named it as a Defendant to any count.[5] Regardless, the Complaint fails to assert actionable claims against Defendants in their official capacities.

---

[5] Defendants maintain that the City of Lauderhill, as opposed to the Lauderhill Police Department, is a proper party to this action for bringing official capacity claims. The Court agrees. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("Sheriff's departments and police departments are not usually considered legal entities subject to suit, but 'capacity to sue or be sued shall be determined by the law of the state in which the district court is held.'") (internal citations omitted); *see also Fla. City Police Dep't v. Corcoran*, 661 So. 2d 409, 410 (Fla. 3d DCA 1995) ("The City correctly asserts that the [police department] is not a proper defendant in a suit for damages because the Police Department does not have the capacity to sue and be sued. Under Florida law, municipalities have the power to sue and be sued. . . . 'Where a police department is an integral part of the city government as the vehicle through which the city government fulfills its policing functions, it is not an entity subject to suit.'") (internal citations omitted).

"In contrast to individual capacity suits, when an officer is sued under Section 1983 in his or her official capacity, the suit is simply 'another way of pleading an action against an entity of which an officer is an agent.'" *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991). "Such suits against municipal officers are, therefore, in actuality, suits directly against the city that the officer represents." *Id.* Moreover, "[b]ecause suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent, there no longer exists a need to bring official-capacity actions against local government officials, because local government units can be sued directly (provided, of course, that the public entity receives notice and an opportunity to respond)." *Id. See also Adcock v. Baca*, 157 F. App'x 118, 119 (11th Cir. 2005) ("When, as here, the defendant in a § 1983 civil rights action is the county sheriff, the suit is effectively an action against the governmental entity he represents[.]"); *Cook ex-rel. Estate of Tessier v. Sheriff of Monroe Cty. Fla.*, 402 F.3d 1092, 1115 (11th Cir. 2005) ("Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. Official-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent. As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity.") (quoting *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)).

The Supreme Court has placed strict limitations on municipal liability under Section 1983. *See Grech v. Clayton Cty., Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003). To impose Section 1983 municipal liability, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation. *McDowell v. Brown*,

392 F.3d 1283, 1289 (11th Cir. 2004); *see also City of Okla. City v. Tuttle*, 471 U.S. 808, 823-24

(1985) ("Proof of a single incident of unconstitutional activity is not sufficient to impose liability

under *Monell*, unless proof of the incident includes proof that it was caused by an existing,

unconstitutional municipal policy, which policy can be attributed to a municipal policymaker.

Otherwise the existence of the unconstitutional policy, and its origin, must be separately proved.

But where the policy relied upon is not itself unconstitutional, considerably more proof than the

single incident will be necessary in every case to establish both the requisite fault on the party of

the municipality, and the causal connection between the 'policy' and the constitutional

deprivation.") (footnote omitted).

Here, Plaintiff's claims against the Department have been dismissed. Even were that not

so, the Complaint does not plead facts that state the elements of an actionable *Monell* claim.

Therefore, Plaintiff's claims against Defendants in their official capacities—effectively, intended

to be made against the City of Lauderhill for the alleged incident on December 15, 2014—are due

to be dismissed. *See, e.g.*, *Archey v. City of Deerfield Beach, Fla.*, No. 16-CV-61093, 2016 WL

4376650, at *2 (S.D. Fla. Aug. 17, 2016) (dismissing Section 1983 municipal liability claim where

the complaint did not allege that the city had an improper policy or custom, or that the treatment

plaintiff suffered was caused by the city's policy or custom); *Callahan v. City of Hollywood*, No.

14-CIV-62960, 2015 WL 1191174, at *6 (S.D. Fla. Mar. 16, 2015) (dismissing *Monell* claim

where the complaint's "general allegations regarding Defendant's policies and procedures are too

conclusory to meet the *Iqbal* standard" because the complaint alleged no facts other than plaintiff's

own incident that would render defendant's actions to be "inherently generative of constitutional

violations"); *Phillips v. City of W. Palm Beach*, No. 18-CV-80172, 2018 WL 3586179, at *10

(S.D. Fla. July 26, 2018) (dismissing Section 1983 claim where none of the allegations constituted

an official policy promulgated by a legislative body or established that an individual with final policymaking authority adopted the officer's actions); *Vila v. Miami-Dade Cty.*, 65 F. Supp. 3d 1371, 1380 (S.D. Fla. 2014) (dismissing Section 1983 claims where plaintiff did not identify any custom or policy made by a policymaker); *Andrade v. Miami Dade Cty.*, No. 09-23220-CIV, 2011 WL 4345665, at *8-9 (S.D. Fla. Sept. 16, 2011) (dismissing *Monell* claim where plaintiff failed to identify an official custom or policy or final policymaker, and the complaint did not allege anything other than a single incident); *Perez v. City of Miami*, No. 10-21179-CIV, 2011 WL 772858, at *4 (S.D. Fla. Feb. 28, 2011) (dismissing Section 1983 claim where the complaint failed to allege a specific policy violated plaintiff's constitutional rights, that the city knew that the officer committed constitutional violations in the past, or that the city deliberately ignored the need to train its officer in a particular area).

In the Response, Plaintiff requests that he be allowed to amend his Complaint to state an official capacity claim.[6] ECF No. [26]. He asserts that his Complaint was *sua sponte* dismissed before he had a chance to amend, and he "believes" that "the discovery process might produce information that will necessitate further [a]mendment as [P]laintiff believes that a Lauderhill police department policy, its failure to train or the inadequacy of the training may have been the

---

[6] The Court notes that Plaintiff's request for leave to amend, in the event that his official capacity claims are dismissed, is procedurally improper. He has not formally moved for leave to amend nor has he attached a copy of the substance of a proposed amended complaint. The Eleventh Circuit has found that district courts do not abuse their discretion in denying leave to amend where the request appears in an opposition to a motion to dismiss. *See Cita Trust Co. AG v. Fifth Third Bank*, 879 F.3d 1151, 1157 (11th Cir. 2018) (district court "soundly rejected the [plaintiff's] infirm request" for leave to amend because "[w]here a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly") (quoting *Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009); *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999) (holding that a plaintiff's failure to request leave to amend anywhere outside of her opposition to the motion to dismiss "preclude[d] the plaintiff's argument on appeal that the district court abused its discretion by denying her leave to amend her complaint").

driving force behind the defendant officers['] violation of [P]laintiff's constitutional right[s]." *Id.* Defendants oppose amendment because, in their view, the Complaint "wholly fails to allege any facts raising any indicia that discovery will reveal evidence supporting a *Monell* claim; indeed, there are no facts plead even touching on the elements of a *Monell* claim, nor does Plaintiff employ the terms of art supporting municipal liability in any of the remaining causes of action" and Plaintiff "cannot use discovery as a vehicle to skirt the pleading standards (particularly based on his mere 'belief' as stated in his Response)[.]" ECF No. [26] at 3 (emphasis removed).

Upon consideration, the Court declines Defendants' request that dismissal of the official capacity claims should be with prejudice at this time. Plaintiff has not had an opportunity to amend his Complaint, and Defendants have not provided sufficient grounds to conclude that amendment is futile or would cause undue prejudice. Accordingly, Plaintiff shall be permitted leave to amend his Complaint. He is reminded that any amendment must comply with the Federal Rules of Civil Procedure and the Local Rules, *see* ECF No. [16], and that his allegations and representations to the Court are governed by Rule 11, Fed. R. Civ. P.

### B.    More definite statement

The Motion seeks not only dismissal of the official capacity claims but a more definite statement due to Plaintiff's failure to number the paragraphs in the Complaint, with the exception of the introductory allegations. ECF No. [24]. According to Defendants, the Complaint fails to comply with the pleading requirements set forth in Rule 10(b), which in turn has made it "effectively impossible for [Defendants] to draft a clear response to each claim." *Id.* at 2. They represent that many of the unnumbered paragraphs contain multiple factual allegations within them. *Id.* at 4. Defendants add that addressing each unnumbered paragraph in a responsive pleading "would turn any determination of which allegations the Officers admit or deny into a game of

chutes and ladders." ECF No. [26]. Plaintiff responds that he does not "believe that the unnumbered paragraphs, by itself, should justify an order for [P]laintiff to redo his complaint." ECF No. [25]. Upon review of the Complaint, and in light of the Court granting Plaintiff leave to amend, the Court agrees that Plaintiff must file a pleading that comports with Rules 8 and 10, Fed. R. Civ. P.

Rule 10(b) provides that a "party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." *Id.* The Rule also explains that "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence— and each defense other than a denial—must be stated in a separate count or defense." *Id.* The Complaint falls short of these standards. The majority of the pleading is comprised of unnumbered paragraphs, many of which contain multiple allegations. Thus, in any subsequent pleading, Plaintiff must comply with the procedural rules regarding pleading requirements. This includes setting forth his claims in numbered paragraphs, each limited to a single set of circumstances. The failure to do so provides cause for dismissal. *See Giles v. Wal-Mart Distrib. Ctr.*, 359 F. App'x 91, 92-93 (11th Cir. 2009) (affirming dismissal of *pro se* amended complaint, which contained short unnumbered paragraphs and which did not address each claim separately or identify which facts supported each claim). As noted in *Giles*, "[e]ven a *pro se* litigant is required to comply with the Federal Rules of Civil Procedure, particularly after being expressly directed to do so." *Id.* at 93.

## IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss and Motion for More Definite Statement, **ECF No. [24]**, is **GRANTED IN PART AND DENIED IN PART**. Plaintiff shall file an amended complaint consistent with this Order, the Federal Rules of Civil Procedure, and the governing pleading requirements by March 24, 2020.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 10, 2020.

BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record

Eric Watkins
7990 Hampton Blvd
Apt. 110
North Lauderdale, FL 33068
Email: kemet121671.ew@gmail.com