UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-63035-BLOOM/Valle

ERIC WATKINS,

    Plaintiff,
vs.

SERGEANT M. BIGWOOD, *et al.*,

    Defendants.
_____/

**ORDER**

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Leave to Amend, ECF No. [51] ("Motion"). On March 11, 2020, the Court entered an order granting in part and denying in part Defendants' initial motion to dismiss, ECF No. [30] ("Order"). The Order noted Plaintiff's claim that he "believes" that "the discovery process might produce information that will necessitate further [a]mendment as [P]laintiff believes that a Lauderhill police department policy, its failure to train or the inadequacy of the training may have been the driving force behind the defendant officer[s'] violation of [P]laintiff's constitutional right[s]." *Id.* at 10-11. Upon consideration, the Court declined Defendants' request that dismissal of the official capacity claims should be with prejudice, and the Court granted Plaintiff leave to amend. *Id.* at 11.

On March 19, 2020, Plaintiff filed his Amended Complaint, ECF No. [35], which did not raise official capacity claims. On April 30, 2020, the Court entered an omnibus order denying Defendants' motion to dismiss and denying as moot Plaintiff's motion for leave to file a sur-reply. ECF No. [49]. On May 4, 2020, Plaintiff filed a Second Amended Complaint, ECF No. [49] ("Second Amended Complaint"), in which he added a new party defendant, re-raised official capacity claims against the officer defendants, and added two new counts. *See id.* The Court struck

Case No. 18-cv-63035-BLOOM/Valle

the Second Amended Complaint that same day because it was filed without Plaintiff having attained leave of court. *See* ECF No. [50].

In the Motion, Plaintiff represents that in late April 2020, he received "the necessary information, via the discovery process, to justify amending [his] complaint to add Lauderhill City as a defendant and to charge the defendants in their official capacity." ECF No. [51] at 1-2. He adds that his amendments "could not have been done any sooner because this Court had initially denied and dismissed Plaintiff's complaint so Plaintiff had not gotten a chance to initially amend. Lastly Plaintiff's motion for leave and attached amended complaint is time[ly] filed with the time allowed by this Court to amend pleading." *Id.* at 2. The Scheduling Order sets May 8, 2020, as the deadline for motions to amend pleadings to be filed. *See* ECF No. [27].

The Court has considered the Motion, the record in this case, the applicable law, and is otherwise fully advised. Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [51]**, is **GRANTED**. The Second Amended Complaint, **ECF No. [49]**, is **REINSTATED**. Defendants shall answer or otherwise respond to the Second Amended Complaint, **ECF No. [49]**, by May 20, 2020.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 6, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Eric Watkins
7990 Hampton Blvd

Case No. 18-cv-63035-BLOOM/Valle

Apt. 110
North Lauderdale, FL 33068
Email: kemet121671.ew@gmail.com

3