<sup>i</sup>UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-63035-BLOOM/Valle

ERIC WATKINS,

    Plaintiff,
vs.

SERGEANT M. BIGWOOD, *et al.*,

    Defendants.
_____/

# ORDER

**THIS CAUSE** is before the Court upon Plaintiff's Objections to the Court's Order Doc 60, ECF No. [61] ("Objections").

On June 30, 2020, Defendants moved for a seven-day extension of time to respond to Plaintiff's discovery requests, which were due that day. ECF No. [59] ("Motion"). The Motion represented that the extension was made in light of the volume of the discovery requested and the City of Lauderhill's limited operations given the pandemic. *Id.* The Motion also noted that Plaintiff opposed an extension of time to respond to the discovery. *Id.* The Court later granted the Motion and extended the discovery response deadline to July 7, 2020. ECF No. [60] ("Order").

Plaintiff now objects to the Order because it was entered before he responded to the Motion. ECF No. [61]. According to Plaintiff, this "demonstrates that [the Court] has a bias against" him and he does not believe that he "can get a fair trial before this Court because this act was blatantly willful." *Id.* at 1-2. He also states that Defendants did not comply with Local Rule 7.1(a)(3) by not making a good faith attempt to confer before filing the Motion. *Id.* at 2. In Plaintiff's view, the Court did not act in good faith and it should have ordered him to respond to the Motion before it entered the Order. *Id.* He "demand[s]" the Court "correct this most bias[ed] order by ordering the

defendants to answer Plaintiff's discovery request by 7/7/20 before 5 pm." *Id.* Additionally, he requests that the Court recuse itself from this case because "it's plain to see this Court has a bias against Plaintiff and is playing favoritism for the government defendants." *Id.*

Upon review, the Objections are meritless and are overruled. First, Plaintiff cites no authority for the proposition that the Court could not rule on the Motion even without his response. The Motion was opposed, it requested reasonable relief, and it was filed the day that discovery was due. Most notably, Plaintiff now requests that Defendants respond to his discovery requests by July 7, 2020, but this is exactly what was requested in the Motion and Ordered by the Court. Thus, Plaintiff's Objections concerning the Motion are baseless. Second, to the extent Plaintiff seeks the Court's recusal, in the form of a motion to recuse, the Objections are procedurally improper and substantively lacking. From a procedural standpoint, the Objections do not comply with Local Rule 7.1(a)(3), which alone is a sufficient basis to deny the Objections. From a substantive standpoint, the Objections fail to show that recusal is appropriate.

A district judge must recuse "in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "Under § 455, the standard is whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality." *United States v. Perkins*, 787 F.3d 1329, 1342 (11th Cir. 2015) (quoting *Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1329 (11th Cir. 2002)). "[T]he general rule is that bias sufficient to disqualify a judge must stem from extrajudicial sources." *Id.* (citation omitted). Moreover, a litigant's mere displeasure with the Court's rulings is not a ground for recusal. *See, e.g.*, *United States v. Berger*, 375 F.3d 1223, 1227 (11th Cir. 2004) ("[A]dverse rulings alone do not provide a party with a basis for holding that the court's impartiality is in doubt."); *Jones v. Commonwealth Land Title Ins. Co.*, 459 F. App'x. 808, 811 (11th Cir. 2012) (district judge did not

Case No. 18-cv-63035-BLOOM/Valle

abuse discretion where the allegations of judicial bias stemmed solely from the plaintiff's disagreement with the judge's rulings); *Loranger v. Stierheim*, 10 F.3d 776, 780-81 (11th Cir. 1994) (recusal not warranted where "complaints about the trial judge . . . are nothing more than complaints about the judge's timeliness and rulings"). Here, Plaintiff fails to demonstrate any bias is present on the part of the Court in ruling on the Motion specifically or in handling this case generally. Relatedly, he fails to show any evidence that an objective, fully informed lay observer would entertain significant doubt about the Court's impartiality. Therefore, the Court will not recuse itself from this action.

Accordingly, it is **ORDERED AND ADJUDGED** that the Objections, **ECF No. [61]**, are **OVERRULED** and **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 7, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Eric Watkins
7990 Hampton Blvd
Apt. 110
North Lauderdale, FL 33068
Email: kemet121671.ew@gmail.com

i