UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-63035-BLOOM/Valle

ERIC WATKINS,

    Plaintiff,
vs.

SERGEANT M. BIGWOOD, *et al.*,

    Defendants.
_____/

## **ORDER**

**THIS CAUSE** is before the Court upon *pro se* Plaintiff's Motion for Leave, ECF No. [69] ("Motion"), in which he seeks leave to file a third amended complaint. Lieutenant Bigwood, Officer Yopps and Officer Ramos ("Defendants") filed a response in opposition, ECF No. [73] ("Response"), to which Plaintiff filed a reply, ECF No. [74] ("Reply"). The Court has reviewed the Motion, the Response, the Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

**I.   BACKGROUND**

On March 9, 2020, the Court entered its Scheduling Order, ECF No. [27], setting May 8, 2020 as the deadline for the parties to file motions to amend pleadings. The deadline to complete discovery is December 1, 2020. *Id.* On May 4, 2020, Plaintiff filed a Second Amended Complaint, ECF No. [49] ("SAC"), which pleading asserted official capacity and individual capacity claims against Defendants arising from Plaintiff's December 15, 2014 incident in which he was Baker Acted. Defendants filed an answer and affirmative defenses to the SAC, ECF No. [54], and Co-Defendant City of Lauderhill ("City") instead moved to dismiss. ECF No. [53]. On July 7, 2020, the Court entered an Order granting the City's motion to dismiss, ECF No. [62] ("Order"). The

Order dismissed without prejudice Counts III and IV of the SAC "because Defendant has not demonstrated that amendment is futile such that these claims can have no potential basis as a matter of law." *See id.* at 21. In particular, the Court noted that Count III failed to allege the identity of an official with final policymaking authority so as to render the City liable, *id.* at 14-16, and Count IV failed to set forth sufficient allegations to assert a failure to train claim. *Id.* at 16-21.

Plaintiff now moves for leave to file a third amended complaint. ECF No. [69].[1] According to Plaintiff, on July 7, 2020, he received discovery "that demonstrated that the City of Lauderhill via policy made its officer[s] the final policymakers by giving them unsupervised and unreviewable discretion to determine when an individual qualifies for involuntary mental examination pursuant to the Baker Act and that such discretion is not constraint [sic] by any official policy." *Id.* at 2. He adds that since the Order was entered, he has conducted further research and has a "better understanding . . . of how to present his claim of municipal liability." *Id.* Finally, he maintains that granting amendment will not prejudice Defendants because the discovery deadline is December 1, 2020 and the dispositive motion deadline is December 23, 2020. *Id.*

In response, Defendants contend that the Motion should be denied on both procedural and substantive grounds. On the procedural front, they argue that Plaintiff failed to comply with Local Rule 7.1(a)(3) by not conferring before filing the Motion. ECF No. [73] at 1. On the substantive side, they argue that Plaintiff has not demonstrated good cause for leave to amend. Specifically, Defendants assert that the proposed third amended complaint is filed "well beyond the deadline to amend the pleadings," it is "not based on 'new' evidence, contrary to Plaintiff's claim," and

---

[1] In the Motion, Plaintiff represents that he attached a copy of the third amended complaint. ECF No. [69] at 3. However, the document attached is inaccurately titled the "Second Amended Complaint" yet is dated July 30, 2020. ECF No. [69-1]. Upon review, the proposed pleading is different than the operative SAC, and the Court disregards the mislabeled title and construes this document as the intended proposed third amended complaint.

amendment is futile. *Id.* at 2. According to Defendants, amendment is futile because it is based on the same allegations previously raised against the City and rejected by the Court. They maintain that Plaintiff had the information upon which the proposed pleading is based "well before the May 8, 2020 amendment deadline and the July 7, 2020 interrogatory answers," and the third amended complaint fails to state a claim in Counts III and IV. *Id.* at 3-6.

In reply, Plaintiff makes three main points. First, his failure to confer with Defendants was a "mere oversight" given his numerous conference calls with Defendants, and his "negligence is mitigated" by Defendants responding to the Motion on substantive grounds. ECF No. [74] at 1. Second, while the instant Motion is filed beyond the amendment deadline, it is filed in light of the July 7, 2020 Order's "findings and rulings." *Id.* at 2. Finally, he maintains that the proposed third amended complaint is not futile "as it is not based on the same allegations previously raised against the City." *Id.* Plaintiff asserts that he needed discovery responses to raise his amended claims because the IG-29 policy, by itself, was insufficient, and the interrogatory response "is the key to the [a]mendment because there's no ambiguity as to what discretion [Defendants] had." *Id.* at 2-4. He adds that neither Fla. Stat. § 394.463 nor IG-29 constrain the Defendants' discretion to make involuntary detentions nor subject their actions to review. *Id.* at 5-6. Plaintiff further notes that the medical facility he was taken for his evaluation "was not under contract with the City of Lauderhill to review an officer's determination to involuntarily Baker Act an individual for examination nor for any other purpose and the facility was not even located in Lauderhill." *Id.* at 6-7.

Accordingly, the Motion is ripe for consideration.

## II.  LEGAL STANDARD

Generally, Rule 15 of the Federal Rules of Civil Procedure governs amendment to pleadings. Apart from initial amendments permissible as a matter of course, "a party may amend

its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* A plaintiff should be afforded the opportunity to test their claim on the merits as long as the underlying facts or circumstances may properly warrant relief. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, "[a] district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Ultimately, "the grant or denial of an opportunity to amend is within the discretion of the District Court[.]" *Foman*, 371 U.S. at 182. *See also Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984) ("This policy of Rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the trial court's discretion; thus, '[u]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.'") (citation omitted).

Scheduling orders may be modified only "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). When a motion to amend is filed after a scheduling order deadline, Fed. R. Civ. P. 16 is the proper guide for determining whether a party's delay may be excused. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 n.2 (11th Cir. 1998); *see also Smith v. Sch. Bd. of Orange Cty.*, 487 F.3d 1361, 1366-67 (11th Cir. 2007) (holding that "where a party files an untimely motion to amend, [we] must first determine whether the party complied with Rule 16(b)'s good cause requirement," before considering whether "justice so requires" allowing amendment). Accordingly, when a motion for leave to amend a pleading is filed after the deadline set in a court's scheduling order, the court employs a two-step analysis. *Id.* at 1419. First, the movant must

4

demonstrate good cause under Rule 16(b) of the Federal Rules of Civil Procedure. Good cause exists when the deadline could not "be met despite the diligence of the party seeking the extension." *Id.* at 1418 (quoting Fed. R. Civ. P. 16 advisory committee note). Courts consider three factors in assessing diligence: (1) whether the movant failed to ascertain facts prior to filing the pleading or failed to acquire information during the discovery period, (2) whether the information supporting the proposed amendment was available to the movant, and (3) whether the movant delayed in requesting leave to amend even after acquiring the information. *See id.* at 1419. If the movant demonstrates good cause, the court proceeds to determine whether an amendment to the pleadings is proper under Rule 15(a) of the Federal Rules of Civil Procedure. *Id.*

"[D]enial of leave to amend is justified by futility when the 'complaint as amended is still subject to dismissal.'" *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999); *see Dysart v. BankTrust*, 516 F. App'x 861, 865 (11th Cir. 2013) (same); *St. Charles Foods, Inc. v. America's Favorite Chicken Co.*, 198 F.3d 815, 822-23 (11th Cir. 1999) ("When a district court denies the plaintiff leave to amend a complaint due to futility, the court is making the legal conclusion that the complaint, as amended, would necessarily fail."); *Christman v. Walsh*, 416 F. App'x 841, 844 (11th Cir. 2011) ("A district court may deny leave to amend a complaint if it concludes that the proposed amendment would be futile, meaning that the amended complaint would not survive a motion to dismiss.").

Through this lens, the Court addresses the Motion and the parties' arguments.

### III. DISCUSSION

Determining whether to grant the Motion raises two overarching issues. The first is whether Plaintiff has "good cause" pursuant to Rule 16(b) for seeking to amend the SAC months after the deadline set forth in the Scheduling Order, ECF No. [27], to amend pleadings had expired. If so,

the second is whether there is a "substantial reason" to deny leave to amend under Rule 15(a), such as if amendment would be futile. The Court will address each issue in turn.

### A. Good cause for seeking leave to amend after the Scheduling Order deadline

As a preliminary matter, the Court notes that Plaintiff failed to comply with Local Rule 7.1(a)(3) before filing the instant Motion. This is not the first time that Plaintiff has failed to comply with the Local Rules in general or this rule in particular. *See, e.g.*, ECF No. [63]. Defendants, therefore, are correct that Plaintiff's non-compliance alone is a sufficient basis to deny the Motion. However, because they have responded to the Motion on substantive grounds and have not shown that their position would have been any different had Plaintiff conferred in advance, the Court will not dismiss the Motion on this basis. Nonetheless, Plaintiff is cautioned that subsequent failures to comply with the Local Rules will not be condoned.

Upon review and consideration, the Court finds that good cause exists pursuant to Rule 16(b)(4), Fed. R. Civ. P., to modify the Scheduling Order. Although Plaintiff filed the Motion beyond the Court's May 8, 2020 deadline, the amendment is sought following the Court's July 7, 2020 Order, which dismissed Counts III and IV of the SAC without prejudice. The parties dispute whether amendment is truly based on "new" evidence in the form of discovery responses received on July 7, 2020 or the same IG-29 policy Plaintiff has had since April 16, 2020. Regardless of the underlying source of information needed to amend, any potential amendment would necessarily be requested after the Scheduling Order deadline. In this respect, Defendants have not shown that Plaintiff's short delay in seeking amendment on July 30, 2020 evidences a lack of diligence on Plaintiff's part. As Plaintiff represents in the Motion, since the Order was entered and since receiving Defendants' discovery responses, he has "been studying numerous case laws" to have a "better understanding" how to assert his proposed claims. ECF No. [69] at 2. *See also* ECF No.

[74] at 3.

Under these circumstances, good cause exists and the Court's threshold inquiry under Rule 16 is satisfied. *See Virciglio v. Work Train Staffing LLC*, 674 F. App'x 879, 885 (11th Cir. 2016) (holding that district court "clearly" did not abuse its discretion in finding good cause and granting plaintiff's motion for leave to amend where plaintiff did not have information necessary to assert the amendment in spite of diligence until after the scheduling order amendment deadline had expired); *Emess Capital, LLC v. Rothstein*, No. 10-60882-CIV, 2012 WL 13001838, at *6 (S.D. Fla. May 2, 2012) (finding good cause where motion for leave was brought within six weeks of court's dismissal order, which was entered months after the amendment deadline had passed, and noting that "waiting for this Court's ruling on [defendant's] Motion to Dismiss constitutes good cause for failing to comply with the Court's deadline for amendment of pleadings"); *Southpoint Condo. Ass'n, Inc. v. Lexington Ins. Co.*, No. 19-CV-61365, 2020 WL 639400, at *4 (S.D. Fla. Feb. 11, 2020) (finding good cause to amend pleadings under Rule 16 where the motion for leave to amend "was brought within weeks of Defendant discovering the documents and records at hand"); *Allegheny Cas. Co. v. Archer-W./Demaria Joint Venture III*, No. 8:13-CV-128-T-24-TGW, 2014 WL 10915507, at *3 (M.D. Fla. June 16, 2014) (finding good cause for delay in seeking leave to amend affirmative defenses where the information was revealed in discovery after the answer and affirmative defenses had initially been filed and the motion was made within four weeks of learning the new information). The Court, accordingly, will next examine whether amendment is appropriate under Rule 15(a)(2).

### B. No substantial reason to deny leave to amend

Defendants do not argue, nor does the Court find, that permitting amendment would cause undue prejudice. The discovery deadline is December 1, 2020 and the pre-trial motion deadline is

December 23, 2020. Likewise, the Court does not find that the Motion is the product of bad faith, dilatory motive, undue delay, or repeated failure to cure deficiencies by amendments previously allowed. Although the Court previously dismissed without prejudice Plaintiff's claims in Counts I and II of the initial complaint to the extent they asserted official capacity claims, ECF No. [30] at 7-11, Plaintiff did not again seek official capacity claims or claims directly against the City until he raised them in Counts III and IV of the operative SAC. ECF No. [49]. In the Order, moreover, the Court noted that dismissal without prejudice was appropriate because Co-Defendant City failed to show that amendment was futile. ECF No. [62] at 21.

With this background in mind, Defendants now maintain that the Motion should be denied on futility grounds. They assert that with the changes Plaintiff proposes, the third amended complaint would still fail to state actionable claims. ECF No. [73] at 4-6. The Court does not agree. In the Order, the Court pointed out certain pleading deficiencies in the SAC. For instance, Count III was dismissed because it improperly alleged that the City was the final policymaker, and it otherwise failed to allege adequately that the Defendants were final policymakers. ECF No. [62]. In particular, the Court explained that "[m]erely because the SAC alleges that the Co-Defendant Officers had discretion to determine if someone meets the criteria for involuntary examination does not necessarily transform them into final policymakers." *Id.* at 16. The Order noted that "[t]he mere delegation of authority to a subordinate to exercise discretion is not sufficient to give the subordinate policymaking authority. Rather, the delegation must be such that the subordinate's discretionary decisions are not constrained by official policies and are not subject to review." *Id.* at 13 (quoting *Mandel v. Doe*, 888 F.2d 783, 792 (11th Cir. 1989) (citation omitted)). *See also id.* at 15-16 (The "'Eleventh Circuit has interpreted *Monell's* policy or custom requirement to preclude § 1983 municipal liability for a subordinate official's decisions when the final policymaker

8

delegates decisionmaking discretion to the subordinate but retains the power to review the exercise of that discretion.' Accordingly, '[f]inal policymaking authority over a particular subject area does not vest in an official whose decisions in the area are subject to meaningful administrative review.' Conversely, final policymaking authority may vest in an official whose decisions in an area *are not* subject to meaningful administrative review.") (quoting *Willingham v. City of Valparaiso Fla.*, 638 F. App'x 903, 907 (11th Cir. 2016) (internal citations omitted; emphasis in original)).

Here, the proposed pleading alleges that Defendants were final policymakers because they have sole discretion to Baker Act individuals and their decisions are not subject to review. *See* ECF No. [69-1] at ¶¶ 52-61. While the parties argue about the extent to which IG-29 and Fla. Stat. § 394.463 constrain Defendants' discretion and whether there is meaningful administrative review of Defendants' actions, *compare* ECF No. [73] at 5-6 *with* ECF No. [74] at 2-7, the Court need not decide at this time the ultimate issue of whether they are final policymakers. That determination involves considerations better suited for a later stage on a more complete factual record. At this point, Plaintiff has set forth sufficient allegations supporting an amended pleading. Therefore, because (i) this circuit embraces a policy of liberally granting amendment, (ii) the Federal Rules of Civil Procedure dictate that leave should be given freely when justice so requires, and (iii) Defendants fail to show a "substantial reason" to deny the Motion, the Court concludes that Plaintiff has carried his burden under Rules 15(a)(2) and 16(b)(4), Fed. R. Civ. P., to permit amendment.

## IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [69]**, is **GRANTED**. Plaintiff shall separately file his third amended complaint no later than **August 28, 2020**.

Case No. 18-cv-63035-BLOOM/Valle

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 20, 2020.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Eric Watkins
7990 Hampton Blvd
Apt. 110
North Lauderdale, FL 33068
Email: kemet121671.ew@gmail.com