UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CV-63035-BLOOM/VALLE

ERIC WATKINS,

    Plaintiff,

v.

SERGEANT M. BIGWOOD, *et al.*,

    Defendants.

_____/

## OMNIBUS ORDER ON DISCOVERY MOTIONS

THIS CAUSE comes before the Court upon: (i) Plaintiff's Motion to Compel Defendants (Officers Bigwood, Yopps, and Ramos, collectively the "Individual Defendants") to produce certain documents (ECF No. 64); (ii) Plaintiff's Motion to Compel better answers to interrogatories (Lt. Bigwood)[1] (ECF No. 65); (iii) Plaintiff's Motion to Compel better answers to interrogatories (Officer Yopps) (ECF No. 66); and (iv) Plaintiff's Motion to Compel better answers to interrogatories (Officer Ramos) (ECF No. 67) (collectively, the "Motions"). The District Judge has referred discovery matters to the undersigned Magistrate Judge. (ECF No. 2).

The undersigned has reviewed the Motions, Defendants' Omnibus Response (ECF No. 70), Plaintiff's Reply (ECF No. 71), and being otherwise fully advised in the matter, it is hereby **ORDERED** that Plaintiff's Motions are **GRANTED IN PART AND DENIED IN PART**, for

---

[1] Although Plaintiff's Third Amended Complaint and Defendants' Answer refer to Officer Bigwood as "Sergeant Bigwood," Defendant Bigwood's response to the Motions, and his verification of his responses to interrogatories, refer to "Lieutenant Bigwood." *Compare* (ECF Nos. 76, 77) *with* (ECF No. 70) and (ECF No. 70-1 at 8).

the reasons set forth below.

## I. BACKGROUND

This action arises out of Plaintiff's involuntary commitment for a mental health evaluation after joggers in a public park complained to police officers about Plaintiff's alleged behavior—brandishing a knife and shouting anti-gay slurs—while in the park. *See generally* (ECF No. 76). On August 24, 2020, Plaintiff filed a four-count Third Amended Complaint, alleging First and Fourth Amendment violations against the Individual Defendants and the City of Lauderhill. *See generally* (ECF No. 76). Relevant here, on August 26, 2020, Defendants filed their Answer and Affirmative Defenses, which assert a qualified immunity defense to the claims against the Individual Defendants. *See* (ECF No. 77).

The four discovery Motions generally overlap, arguing that the Individual Defendants: (i) should be compelled to produce personal financial information; (ii) "illegally altered" Plaintiff's discovery requests; (iii) failed to produce documents regarding insurance coverage; and (iv) failed to produce policies and procedures regarding Park regulations and trespassing. (ECF Nos. 64, 65, 66, 67). Plaintiff also complains that Lt. Bigwood failed to provide documents/responses regarding his 2015 arrest for violating a restraining order in a domestic dispute, and about the resolution of that arrest. (ECF No. 64 at 3-4). As well, Plaintiff challenges the sufficiency of Officer Ramos' response to Interrogatories 7, 8 and 11 regarding police department training on mental health issues and the Baker Act.[2] (ECF No. 67 at 2-3).

---

[2] The Baker Act is a Florida law that allows for people with mental illnesses to be held involuntarily for up to 72 hours in a mental health treatment facility if they meet certain criteria. The Act can be initiated by judges, law enforcement officials, doctors or mental health professionals. *See* Fla. Stat. § 394.451 et seq. (the "Florida Mental Health Act" or "Baker Act"); *see also United States v. Talley*, 562 F. App'x 760, 763 (11th Cir. 2014).

## II. DISCUSSION

### A. Standard

Under the Federal Rules, a party may pose interrogatories related to any matter into which Rule 26(b) allows inquiry (Fed. R. Civ. P. 33(a)(2)) and request the production of any documents that fall within the scope of Rule 26(b) (Fed. R. Civ. P. 34(a)). Rule 26(b) also allows discovery "through increased reliance on the commonsense concept of proportionality." *In re: Takata Airbag Prod. Liab. Litig.*, 2016 WL 1460143, at *2 (S.D. Fla. Mar. 1, 2016) (quoting Chief Justice John Roberts, 2015 Year-End Report on the Federal Judiciary 6 (2015)). If the opposing party objects to interrogatories or requests, the requesting party may then file a motion to compel production pursuant to Federal Rule of Civil Procedure 37, but only after its counsel, in good faith, confers with opposing counsel to resolve discovery disputes without court intervention. *See* Fed. R. Civ. P. 37(a)(1).

The Federal Rules also afford the Court broad authority to control the scope of discovery. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306-07 (11th Cir. 2011), but "strongly favor full discovery whenever possible." *See Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985). Thus, courts employ a liberal and broad scope of discovery in keeping with the spirit and purpose of these rules. *See Rosenbaum v. Becker & Poliakoff, P.A.*, 708 F. Supp. 2d 1304, 1306 (S.D. Fla. 2010) (collecting cases regarding the scope of discovery). The "overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information, so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." *Shapiro v. Dynamic Recovery Sols., LLC*, No. 18-CV-60035-BB, 2018 WL 8130559, at *4 (S.D. Fla. July 26, 2018) (citation omitted).

Accordingly, when a party objects to discovery, the onus is on the objecting party to demonstrate with specificity how the objected-to request is unreasonable or otherwise unduly burdensome. *Alvar v. No Pressure Roof Cleaning, LLC*, No. 17-80725-CV, 2018 WL 1187777, at *2 (S.D. Fla. Mar. 7, 2018) (citation omitted). Moreover, boilerplate objections and generalized responses are improper. *See Alhassid v. Bank of America*, No. 14-20484, 2015 WL 1120273, at *2 (S.D. Fla. March 12, 2015). This District has frequently held that objections that fail to sufficiently specify the grounds on which they are based are improper and without merit. *See, e.g., Taylor v. Bradshaw*, No. 11-80911-CIV, 2014 WL 6459978, at *7 (S.D. Fla. Nov. 14, 2014) (finding plaintiff's responses were impermissible, boilerplate objections); *Abdin v. Am. Sec. Ins. Co.*, No. 09-81456-CIV, 2010 WL 1257702, at *2 (S.D. Fla. March 29, 2010) (requiring an amended response where plaintiff's objections were meaningless and boilerplate).

### B. Plaintiff's Motions as to the Individual Defendants

#### 1. *Personal Financial Information*

Plaintiff's interrogatories and request for production seek personal financial information for the Individual Defendants. Specifically, Plaintiff requests:

(i)  the value of any real estate owned by the Individual Defendants (Rog. No. 16 to Lt. Bigwood) (ECF No. 70-1 at 6); (Rog. No. 13 to Officer Yopps) (ECF No. 70-2 at 5); (Rog. No. 20 to Officer Ramos) (ECF No. 70-3 at 6);

(ii) the value of the Individual Defendants' bank accounts, stocks, bonds, securities, and/or trusts and production of their bank or financial statements (RFP No. 20) (ECF No. 64-1); (Rog. No. 16 to Lt. Bigwood) (ECF No. 70-1 at 5-6); (Rog. No. 14 to Officer Yopps) (ECF No. 70-2 at 5-6); (Rog. No. 21 to Officer Ramos) (ECF No. 70-3 at 6-7); and

(iii) the Individual Defendants' annual earnings/salary information (Rog. No. 17 to Lt. Bigwood) (ECF No. 70-1 at 6); (Rog. Nos. 15-16 to Officer Yopps) (ECF No. 70-2 at 6); (Rog. Nos. 21-22 to Officer Ramos) (ECF No. 70-3 at 6-8).

Plaintiff argues that these requests are relevant because the Complaint seeks punitive damages. *See e.g.* (ECF Nos. 64 at 4-5, 65 at 3); *see also* (ECF No. 76 at 18). Here, the Individual Defendants have asserted qualified immunity as an affirmative defense in their answer to the Third Amended Complaint, and their claims of qualified immunity have yet to be determined. *See* (ECF No. 77 at 8) (Answer and Affirmative Defenses to Third Amended Complaint). "Once a defendant raises the qualified immunity defense, 'the trial court must exercise its discretion in a way that protects the substance of the qualified immunity defense [and] so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings.'" *Fleming v. Barber*, 383 F. App'x 894, 896 (11th Cir. 2010). Accordingly, at this stage of the litigation, the undersigned finds that discovery of private financial information for the Individual Defendants is premature and is denied. *See, e.g., Finch v. City of Indianapolis*, No. 1:08-CV-0432-DML-RLY, 2011 WL 2516242, at *7 (S.D. Ind. June 23, 2011) (noting that financial information would only be relevant to damages and should be discovered after plaintiff clears the hurdles of qualified immunity and liability based on a "complete factual record"). These requests may be revisited, if appropriate, after the Court's ruling on the qualified immunity defense.

2. *"Alteration" of Plaintiff's Discovery Requests*

Plaintiff also argues that the Individual Defendants altered the language of some of his discovery requests. *See* (Rog. Nos. 1, 6 to Lt. Bigwood) (ECF No. 70-1 at 3, 4); (Rog. No. 1 to Officer Yopps) (ECF No. 70-2 at 3); (Rog. Nos. 3, 6-8 to Officer Ramos) (ECF No. 70-3 at 3, 4). Examples of the challenged alterations include the Individual Defendants' replacement of the word "I" in Plaintiff's request with the word "[Plaintiff]," "you" with "your," "afforded" with "afford," "gave" with "save." *See* (ECF No. 65 at 1, 2); (ECF No. 66 at 1); (ECF No. 67 at 1-3). According to Plaintiff, these alterations are illegal and make the Individual Defendants' answers

non-responsive. *See e.g.* (ECF Nos. 65 at 1, 2, 66 at 1-2).

The undersigned finds that the bracketed material in the Individual Defendants' responses is not improper. Rather, the bracketed material reflects minor grammatical corrections that do not affect the substance of the original requests nor the answers. Accordingly, Plaintiff's motion to compel regarding the "alterations" is denied.

### 3. Insurance Coverage

Next, Plaintiff requests additional documents and information regarding insurance policies held by the Individual Defendants, the City of Lauderhill, and the Lauderhill Police. *See* (RFP No. 1) (ECF No. 64-1 at 1); (Rog. No. 12 to Officer Yopps) (ECF No. 70-2 at 5); (Rog. No. 19 to Officer Ramos) (ECF No. 70-3 at 6). In response to Plaintiff's RFP No. 1, Lt. Bigwood states that he had "[n]one that would cover the claims raised by Plaintiff in this action." (ECF No. 64-1 at 1). In response to interrogatories requesting similar information, Officers Yopps and Ramos each responded:

> I am without knowledge as to what insurance policies the City or the Lauderhill Police may have that are applicable to Plaintiff's claim if any. I do not have insurance coverage applicable to Plaintiff's claims in this matter.

*See* (ECF Nos. 70-2 at 5, 70-3 at 6). The undersigned finds these responses sufficient. Accordingly, Plaintiff's requests for insurance policies are denied.

### 4. Park Policies and Procedures and Trespassing

Plaintiff also seeks information regarding City policies and ordinances relating to trespass and the City's "park policies." (RFP Nos. 10-12) (ECF No. 64-1 at 2-3). The Individual Defendants initially objected that these requests as not relevant or leading to the discovery of admissible information "as Plaintiff has not raised any claims in this matter regarding trespass." (ECF No. 70 at 6). In a footnote to their Response, however, the Individual Defendants

acknowledge that "Plaintiff correctly pointed out [during the Parties' discovery conference] that Officer Ramos stated in the Offense-Incident Report that he trespassed Plaintiff for the incident location." (ECF No. 70 n.10).

Accordingly, Plaintiff's Motion is granted as to these requests and the Individual Defendants must amend their responses to reflect the correct information. That said, however, the remainder of Plaintiff's motion as to RFP Nos. 10-12 is denied as moot as Defendants represent the information requested has already been provided to Plaintiff in an unrelated but similar case, *Watkins v. Session et al.*, Case No. 19-CV-60810. *See* (ECF No. 70 at 7). Specifically, on August 3, 2020, in response to Plaintiff's request for production in a different pending case also involving the Lauderhill Police Department, the City produced all City policies and ordinances regarding trespass as well as the City's Parks and Recreation Department's rules and regulation. *Id*.

### 5. *Familiarity with other Officers*

Plaintiff seeks information on whether Officer Yopps was "familiar with" Officers Wilson, Elmore, and Lagrasta of the Lauderhill Police Department. (Rog. No. 6 to Officer Yopps) (ECF No. 70-2 at 3). Officer Yopps objected to Plaintiff's request as unclear and vague, and further responded that:

> "Officer Yopps' personal knowledge of these officers in any capacity . . . is not material to any claim or defense raised herein, as none of these officers responded to the scene on December 15, 2014, or were otherwise involved in the involuntary commitment of Plaintiff on said date, nor are these officers referenced in the Complaint."

*See* (ECF No. 70-2 at 3-4).

Plaintiff argues that knowledge of other officers is material because Plaintiff claimed that his involuntary commitment was in retaliation for "problems he was having with other Lauderhill

police officers." *See* (ECF No. 66 at 2); (ECF No. 76 at 11) (alleging that his involuntary commitment by Lt. Bigwood was part of a conspiracy to retaliate against Plaintiff because of his past and pending lawsuits against other Lauderhill police officers). The Court finds that Plaintiff's request is vague as it merely asks whether Defendants are "familiar" with other officers without defining or explaining the use of the term "familiar."

Moreover, the Court finds that Officer Yopps' general familiarity with other officers is irrelevant. To the extent Plaintiff argues Rog. No. 6 was intended to discern the officers' relationship with other Lauderhill police officers to establish a motive for retaliation, Plaintiff's Third Amended Complaint: (i) contains no retaliation claim; (ii) contains no allegations against Officers Wilson, Elmore, or Lagrasta; and (iii) fails to explain how Plaintiff's problems with those other officers are relevant to the claims in this case. *See generally* (ECF No. 76).

### C. Plaintiff's Motions Regarding Defendants Bigwood and Ramos

#### 1. Lt. Bigwood's Criminal Files

Plaintiff seeks documents regarding Lt. Bigwood's arrest for violating a temporary restraining order against his ex-wife. Specifically, Plaintiff seeks discovery regarding the underlying facts of that arrest, including Lt. Bigwood's arrest records (RFP Nos. 15 and 18), and the complaint filed by his ex-wife (RFP No. 17). (ECF No. 64 at 3-4). Plaintiff argues that Lt. Bigwood's complete criminal history is relevant because it could lead to Rule 404(b) character evidence. (ECF No. 64 at 3).

First, under the Federal Rules of Evidence, a party may impeach a witness' credibility by "attacking [the] witness' character for truthfulness by evidence of a criminal conviction" for a felony involving a dishonest act or false statement within the last 10 years. Fed. R. Evid. 609(1) and (2); *Emergency Services 24, Inc. v. Federated Mut. Ins. Co.*, No. 11-60814-CIV, 2011 WL

5360080, at *9-10 (S.D. Fla. Nov. 4, 2011).  However, " . . . the Court may not look beyond the existence of the plea, the elements of the crime, and the date of the conviction." *Santana v. Carnival Corp.*, No. 09-23113-CV, 2011 WL 13220283, at *8 (S.D. Fla. Sept. 7, 2011).  Here, in Response to Interrogatory No. 12, Lt. Bigwood stated that he has never been convicted of a felony or misdemeanor.  *See* (ECF No. 70-1 at 5).  Thus, since there is no conviction, Rule 609 is not implicated.

As well, there is no basis to support Plaintiff's argument that the facts underlying the arrest and the arrest itself would be admissible under Rule 404(b).  Fed. R. Evid. 404(b) (providing that prior criminal acts may be admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.)  Accordingly, the Court denies Plaintiff's request to compel additional information regarding Lt. Bigwood's prior arrest, which did not result in a conviction and did not involve a crime of dishonesty.

*2. Officer Ramos' Training Records and the Baker Act*

Plaintiff seeks to compel additional information responsive to Interrogatories 7, 8, and 11 regarding Officer Ramos' training and exercise of discretion under the Baker Act and in identifying mental illness.  (ECF No 67 at 2-3); *see also* (Rog. Nos. 7, 8, 11 to Ramos) (ECF No. 70-3 at 4).  Specifically, Interrogatory No. 7 asks what training Officer Ramos received regarding the Baker Act.  In response, Officer Ramos stated:

> Prior to December 15, 2014, I was trained in the field training incident guidelines regarding involuntary commitments and the Baker Act. Additionally, on October 5, 2007, became CTI-certified by taking a crisis intervention team training class, which is a 40-hour course on mental health and intervention, including the Baker Act.

(ECF No. 70-3 at 4).  The undersigned finds this answer is responsive and Plaintiff's motion is denied.

Next, Interrogatory No. 8 asks Officer Ramos to describe his police training on identifying mental illness and meeting the Baker Act criteria. *Id*. In response, Officer Ramos referred Plaintiff to his response to Interrogatory No. 7. The undersigned finds this response is also sufficient and denies Plaintiff's motion.

Lastly, in Interrogatory No. 11, Ramos was asked whether he had "sole" discretion to determine whether someone met the criteria for involuntary commitment under the Baker Act. (ECF No. 70-3 at 4). In response, Officer Ramos stated:

> Pursuant to Section 394.363 Fla. Stat., based on the information known to me, if an individual appears to meet the criteria for involuntary examination set forth in subsection (1), I have the authority to take that individual into custody and deliver him or her to an appropriate or the nearest mental health facility.

*Id*. Again, the undersigned finds this answer to be responsive and denies Plaintiffs motion to compel.

### III.  CONCLUSION

For the reasons set forth above, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Compel the Individual Defendants to produce certain documents (ECF No. 64) is **DENIED IN PART AND GRANTED IN PART**. More specifically, the Motion is **GRANTED IN PART ONLY TO THE EXTENT** that Defendants must amend the response to RFP Nos. 10-12 to correctly reflect the substance of Officer Ramos' Incident Report regarding trespass.

2. Plaintiff's Motion to Compel better answers to interrogatories (Lt. Bigwood) (ECF No. 65) is **DENIED**.

3. Plaintiff's Motion to Compel better answers to interrogatories (Officer Yopps) (ECF No. 66) is **DENIED.**

4. Plaintiff's Motion to Compel better answers to interrogatories (Officer Ramos) (ECF No. 67) is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida on September 8, 2020.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc:  U.S. District Judge Beth Bloom
     All counsel of record