UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  18-cv-63035-BLOOM/Valle

ERIC WATKINS,

      Plaintiff,

vs.

SERGEANT M. BIGWOOD, *et al.*,

      Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court upon *pro se* Plaintiff's Objections to the Magistrate's Omnibus Order on Discovery Motions, ECF No. [79] ("Objection"). Defendants filed a response in opposition, ECF No. [80] ("Response"), to which Plaintiff filed a reply, ECF No. [81] ("Reply"). The Court has reviewed the Objection, the Response, the Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Objection is overruled.

I.      **BACKGROUND**

This dispute arises from an omnibus discovery order entered by Magistrate Alicia O. Valle on September 8, 2020, ECF No. [78] ("Order"). Pursuant to 28 U.S.C. § 636 and this district's Magistrate Judge Rules, all discovery matters in this action were previously referred to Judge Valle. *See* ECF No. [27]. On July 28, 2020, Plaintiff filed four discovery motions, ECF Nos. [64], [65], [66], and [67] ("Underlying Motions"), Defendant filed an omnibus response, ECF No. [70], and Plaintiff filed a reply, ECF No. [74]. The Order denied the Underlying Motions except to grant ECF No. [64], only to the extent that Defendants must amend the response to request for production numbers 10-12 to correctly reflect the substance of Officer Ramos' Incident Report regarding

trespass. ECF No. [78] at 6-7, 10.

Plaintiff now objects to the Order, raising six objections. First, Plaintiff contends that he is entitled to discover the Officer Defendants' personal financial information because he has "overc[o]me" their qualified immunity defense. ECF No. [79] at 1-2. Second, he maintains that Defendants' "alterations" of his discovery requests were unjustified, arbitrary, and would set a "dangerous precedent." *Id.* at 3-4. Third, he argues that he is entitled to production of "whatever insurance policies" Defendants have. *Id.* at 4. Fourth, Plaintiff contends that the Order erred in concluding that his interrogatory to Officer Yopps seeking information on whether he was "familiar with" other officers was vague. *Id.* at 4-5. Fifth, he asserts that he is entitled to discovery of Lt. Bigwood's personal criminal history and domestic matters. *Id.* at 5. And finally, he "stands by" his claim that Officer Ramos did not sufficiently respond to interrogatories 7 and 8. *Id.* at 5-6.

In response, Defendants challenge each objection Plaintiff raises and request that the Objection be overruled. ECF No. [80]. They make six points: (1) the Order correctly found that discovery of the officers' financial information is premature; (2) Plaintiff's "alteration" theory is frivolous; (3) Defendants' responses to insurance-related discovery were sufficient; (4) Plaintiff's interrogatory regarding Officer Yopps' "familiarity" with other officers is vague; (5) Plaintiff's objection regarding Lt. Bigwood's criminal history and domestic matters is meritless and constitutes undue harassment; and (6) Plaintiff's sixth objection regarding the sufficiency of Officer Ramos' interrogatory responses is meritless. *Id.* In reply, Plaintiff reasserts his objections and contends that he has offered "sound" bases for how the Order is erroneous. ECF No. [81].

The Objection, accordingly, is ripe for consideration.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 72(a) provides that upon the filing of objections to a

magistrate judge's order regarding a non-dispositive matter, the district judge to whom the case is assigned shall consider such objections and modify or set aside any portion of the order found to be clearly erroneous or contrary to law. This is an extremely deferential standard of review, and this "high bar" is "rarely invoked." *Cox Enters., Inc. v. News-Journal Corp.*, 794 F.3d 1259, 1272 (11th Cir. 2015); *see also Doe v. Lynn Univ., Inc.*, No. 9:16-CV-80850, 2017 WL 275448, at *1 (S.D. Fla. Jan. 19, 2017) (noting that the appellant bears "the heavy burden of showing that the orders are 'clearly erroneous or contrary to law'" and stating that it is "'extremely difficult to justify alteration of the magistrate judge's nondispositive actions' because '[c]lear error is [a] highly deferential standard of review'") (citations omitted).

The magistrate judge's orders should not be disturbed absent a clear abuse of discretion that leaves the reviewing court with the "definite and firm conviction that a mistake has been committed." *Linea Naviera de Cabotaje C.A. v. Mar Caribe de NevaGacion, C.A.*, 169 F. Supp. 2d 1341, 1355 (11th Cir. 2001). An order is contrary to law where "it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Doe*, 2017 WL 275448, at *1 (citation omitted).

## III.   DISCUSSION

The Court will analyze each objection in turn.

### A.   Objection one

Plaintiff maintains that Magistrate Valle erred in determining that Plaintiff's requests for the officers' personal financial information is premature. *See* ECF Nos. [79] at 1-2; [81] at 1. In particular, he contends that the Officer Defendants do not have an actionable qualified immunity defense, and thus, there is no bar to discovery of this information. Upon review, the Court disagrees with Plaintiff's characterization of the record and finds his arguments to be unconvincing.

As correctly noted in the Order, the Officer Defendants have raised qualified immunity as

an affirmative defense to the operative Third Amended Complaint, *see* ECF No. [77], and the viability of that defense has not been determined at this point. Although the Court previously denied the officers' motion to dismiss directed to an earlier pleading, that opinion did not strike the qualified immunity defense or otherwise find such a defense to be inapplicable in this case. ECF No. [48]. Rather, it determined that based on the pleading's allegations, Plaintiff had adequately stated claims for relief, and that at that juncture the qualified immunity defense did not bar his claims. *Id.* Because the premise of Objection one is inaccurate and Plaintiff offers no other reason why the Order is clearly erroneous or contrary to law, the Court overrules this objection.

### B.      Objection two

Plaintiff contends that the Order erred in concluding that Defendants' "alterations" to his discovery requests were minor grammatical corrections that did not affect the substance of the original requests or the answers. ECF No. [79] at 3-4. In fact, he goes so far as to challenge the alterations as being done "maliciously." ECF No. [81] at 2.

Upon review, the Court agrees with Defendants that this objection is frivolous and due to be overruled. First, Plaintiff fails to show how any "alteration," which included, for example, adding bracketed language reflecting a change from "I" to "Plaintiff" and "you" with "your," was material to any of the requests or the responses. Second, he fails to explain how any response would be different even if the alterations had not been made. And finally, even if Plaintiff was correct that the alterations were done "maliciously," for which *no* evidence has been presented to support this claim, Plaintiff nonetheless fails to show how the Order was clearly erroneous or contrary to law. Accordingly, the Court overrules this objection.

### C.      Objection three

Plaintiff objects that Magistrate Valle erred in determining that the Officer Defendants'

responses to his requests regarding insurance were sufficient, which responses denied having insurance coverage applicable to Plaintiff's claims. ECF No. [79] at 4. In his view, he is entitled to production of "whatever" insurance policies they have because they "may have a liability insurance that does not cover the millions of dollars Plaintiff is asking but might cover a significant portion of it or just a portion." *Id.*

Upon review, the Court does not find that the Order was clearly erroneous or contrary to law in determining that the Officer Defendants' responses, ECF Nos. [64-1] at 1; [70-2] at 5; and [70-3] at 6, were sufficient. Plaintiff's mere dissatisfaction with the responses, which disclaim coverage for the claims at hand, does not justify a fishing expedition for "whatever" insurance policies the officers may have. Accordingly, this objection is overruled.

### D.   Objection four

Plaintiff argues that the Order erred in determining that interrogatory six, which asked if Officer Yopps was "familiar with" certain officers of the Lauderhill Police Department, was vague because it does not define or explain the term "familiar." ECF No. [79] at 4-5. According to Plaintiff, his interrogatory was not vague and Officer Yopps should be compelled to state "whatever capacity he is familiar with the other officers[.]" *Id.* at 5.

The Court finds that the Order was not clearly erroneous or contrary to law in finding the interrogatory to be vague. As Defendant rightfully notes, the interrogatory is "clearly subject to a range of interpretations," such as whether Officer Yopps had heard these other officers' names before or had worked or otherwise interacted with them. ECF No. [80] at 3. And to the extent Plaintiff asserts in his Reply that the discovery request is relevant to him being Baker Acted based on retaliation, ECF No. [81] at 3, the Order specifically rejected this argument. ECF No. [78] at 8. Plaintiff fails to supply any basis to disturb the Order on this point. Accordingly, the objection is

overruled.

### E.    Objection five

Plaintiff objects that the Order improperly denied his requests for Lt. Bigwood to produce information related to his criminal history and domestic matters, including his arrest records, a complaint filed by his ex-wife, and an arrest for violating a temporary restraining order. ECF No. [79] at 5. In his view, this information "could lead" to admissible evidence under Fed. R. Evid. 404(b) and evidence attacking Lt. Bigwood's credibility. *Id.* He also states that the information he seeks is "public knowledge." *Id.*

The Court agrees with Defendants that Plaintiff fails to show how the Order was clearly erroneous or contrary to law. As explained in the Order, Lt. Bigwood stated in an interrogatory response that he has never been convicted of a felony or misdemeanor, hence Plaintiff cannot invoke Fed. R. Evid. 609 to impeach his credibility. ECF No. [78] at 8-9. Further, information relating to Lt. Bigwood's prior criminal history, which Plaintiff fails to show is in any way connected to him or to the underlying incident involving Plaintiff's arrest, does not trigger Rule 404(b). Indeed, the Order noted that there is "no basis" to support Plaintiff's argument that the information Plaintiff seeks would be admissible under Rule 404(b). *Id.* at 9. Plaintiff fails to show how this is erroneous. Finally, the Court agrees with Defendants that to the extent Plaintiff admits the information he seeks is "public knowledge," and therefore obtainable on his own, this motion practice directed to discovery of public information is a waste of judicial resources. Accordingly, this objection is overruled.

### F.    Objection six

Plaintiff contends that the Order erred in denying his motion as to Officer Ramos' responses to interrogatories 7 and 8. ECF No. [79] at 5-6. In particular, he "stands by" his assertion

that the responses are insufficient. *Id.* at 6.

Upon review, the Court finds that the Order was not clearly erroneous or contrary to law in determining that Officer Ramos' answers to interrogatories 7 and 8 were sufficient and responsive to Plaintiff's requests. As an initial matter, while Plaintiff asserts that Magistrate Valle failed to consider Plaintiff's arguments as to interrogatory 7 concerning alterations of the requests, that is inaccurate. *See* ECF No. [78] at 5-6. Further, as to interrogatory 8, ECF No. [70-3] at 4, Plaintiff fails to explain how Magistrate Valle's short summary of the interrogatory and the response somehow affects whether Officer Ramos' answer was adequate. Whether the interrogatory was framed using the actual question itself or a summary of the request, Plaintiff does not show how Officer Ramos' response would in any way differ or, more importantly, how the Court's analysis as to the response's sufficiency would be different. This objection, therefore, is overruled.

## IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Order, **ECF No. [78]**, is **AFFIRMED** and the Objection, **ECF No. [79]**, is **OVERRULED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 7, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Eric Watkins
7990 Hampton Blvd

7

Case No. 18-cv-63035-BLOOM/Valle

Apt. 110
North Lauderdale, FL 33068
Email: kemet121671.ew@gmail.com