**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.  18-cv-63035-BLOOM/Strauss**

ERIC WATKINS,

      Plaintiff,

vs.

SERGEANT M. BIGWOOD, *et al.*,

      Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court upon *pro se* Plaintiff's Motion to Waive Mediation, ECF No. [93] ("Motion"). The Court has reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised.

On March 9, 2010, the Court entered a Scheduling Order, ECF No. [27], requiring the parties to select a mediator pursuant to Local Rule 16.2 by March 30, 2020 and to have completed mediation and filed a mediation report by December 15, 2020. On March 12, 2020, Plaintiff filed an Objection to the Court's Order, ECF No. [31] ("Motion to Amend") in which he objected to mediation given his financial status and his belief that Defendants are not interested in settling the case. That same day, the Court denied the Motion to Amend, explaining that

> although Plaintiff represents that he is homeless and without an income, that does not compel the conclusion that mediation is inappropriate. Local Rule 16.2(b)(3) provides that "[a]ny individual who seeks certification as a mediator shall agree to accept at least two (2) mediation assignments per year in cases where at least on (1) party lacks the ability to compensate the mediator, in which case the mediator's fees shall be reduced accordingly or the mediator shall serve pro bono (if no litigant is able to contribute compensation)." *Id.* The list of certified mediators is maintained in the offices of the Clerk of the Court and is available to the public upon request. *See id.* at L.R. 16.2(b)(2). Plaintiff's financial status, therefore, is not a reason to cancel any future mediation. Similarly, his belief in Defendants' willingness to settle is not a valid basis to ignore the Scheduling Order.

> As noted in Local Rule 16.2(a), mediation "enables litigants to take control of their dispute and encourages amicable resolution of disputes" and "resultant savings in time and costs to litigants and to the Court, but without sacrificing the quality of justice to be rendered or the right of the litigants to a full trial in the event of an impasse following mediation." *Id.* Plaintiff does not provide any reason for the Court to conclude that this district court's broad policy embracing mediation should not apply to this case.

ECF No. [34] at 2 ("Order").

On March 30, 2020, the Court entered an Order scheduling mediation for November 30, 2020 before Eric Kleinman, Esq. ECF No. [39]. Defendant now moves to "waive" mediation in this case because he is indigent, the upcoming mediation is "futile" because Defendants do not intend to settle, and he intends to prosecute this action "all the way through trial." ECF No. [93] at 1-2. He adds that he will not pay for mediation in this case. *Id.* at 2.

Upon review, Plaintiff fails to present good cause to cancel the upcoming mediation. As an initial matter, Plaintiff reasserts the same arguments previously considered and rejected by the Court in its March 12, 2020 Order. That Plaintiff is indigent does not justify proceeding without mediation. To the extent Plaintiff cannot afford to pay mediation costs, he can discuss a partial fee waiver with the mediator due to his financial status.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [93]**, is **DENIED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 17, 2020.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Case No. 18-cv-63035-BLOOM/Strauss

Counsel of Record

Eric Watkins
7990 Hampton Blvd
Apt. 110
North Lauderdale, FL 33068
Email: kemet121671.ew@gmail.com