UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CV-63035-BLOOM/STRAUSS

ERIC WATKINS,

    Plaintiff,

v.

SERGEANT M. BIGWOOD, *et al.*,

    Defendants.

_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR EXPEDIT[ED] ORDER (ECF NO. 88)**

**THIS CAUSE** comes before the Court upon Plaintiff's Motion for Expedit[ed] Order (ECF No. 88) ("Motion for the U.S. Marshall to Serve a Subpoena"). (ECF No. 88). U.S. District Judge Beth Bloom has referred discovery matters to the undersigned. (ECF No. 27; ECF No. 92). The undersigned has reviewed the Motion, Defendants' Response (ECF No. 89), Plaintiff's Reply (ECF No. 91) and being otherwise fully advised in the matter, it is hereby **ORDERED** that Plaintiff's Motion for the U.S. Marshall to Serve a Subpoena is **DENIED**.

**I.     BACKGROUND**

This action arises out of Plaintiff's involuntary commitment in the Florida Medical Center for a mental health evaluation on December 15, 2014. *See generally* (ECF No. 76). On August 24, 2020, Plaintiff filed a four-count Third Amended Complaint, alleging First and Fourth Amendment violations against the Individual Defendants and the City of Lauderhill (the "Third Amended Complaint"). *Id.* Plaintiff asserts, *inter alia*, that he was "in bad faith arrested and seized . . . pursuant to Florida statute 394.463 (the Baker Act). *Id.* at ¶ 9. Plaintiff alleges that two patrons of the park, where the subject Baker Acting occurred, took offense to the lyrics of a

song that he was singing. *Id.* at ¶¶ 9-13.  According to Plaintiff, the two witnesses, later identified as Tanika Beckford and Jermaine A. Jackson (the "Witnesses"), engaged in a confrontation with him and then contacted the police complaining that Plaintiff "was in the park disturbing the peace." *Id.* at ¶¶ 13-19.

Attached to Plaintiff's Motion for the U.S. Marshall to Serve a Subpoena is a subpoena ("Subpoena") directed to the Supervisor of Lauderhill Police Department's Record Department. (ECF No. 88 at 4).  The Subpoena seeks the dates of birth of the Witnesses or their arrest and conviction records, noting that the requested information is on page 4 of incident report #1412-2741.  *Id.*  The Motion indicates that Plaintiff has previously sought this information from Defendants in discovery but that the birth dates of the Witnesses were redacted from the aforementioned incident report. *Id*. at 2.  Plaintiff argues that he needs this information to obtain the Witnesses' criminal histories.  *Id.*

Defendants respond that Plaintiff is attempting to use a third-party subpoena directed towards the City—specifically at a City employee—to obtain the information that he seeks and is therefore attempting to use the discovery rules improperly.  (ECF No. 89 at 1-2).  The undersigned agrees.

**II.    DISCUSSION**

"In general, a Rule 45 subpoena is a discovery vehicle to be used against non-parties to, among other things, obtain documents relevant to a pending lawsuit." *Hatcher v. Precoat Metals*, 271 F.R.D. 674, 675 (N.D. Ala. 2010) (citation omitted).  Thus, "Federal Rule of Civil Procedure 45 grants a district court the power to issue subpoenas as to witnesses and documents." *U.S. Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 76 (1988).

Rule 45, however, is not the appropriate mechanism for Plaintiff to seek information from

an employee of the Defendant City in this case. In fact, Defendants allege that "Plaintiff has already sought substantially the same information requested in the subpoena . . ., through discovery from the City, pursuant to Rule 34, Fed. R. Civ. P." (ECF No. 89 at 2). Therefore, it appears that Plaintiff is attempting to circumvent the proper discovery procedure whereby, following Defendant's opportunity to object, Plaintiff would need to bring a motion a compel.[1] Moreover, Defendants assert that "Plaintiff should be familiar with the proper scope of Rule 45" because he has filed similar motions against the City in this district that were denied. *Id.* at n. 2. Thus, Plaintiff's Motion for the U.S. Marshall to Serve a Subpoena must be denied because use of a Rule 45 subpoena in this instance is improper. Rather, for requesting such information from the City, Plaintiff must avail himself of the avenues that the Rules of Civil Procedure provide for seeking discovery from a party.

Furthermore, the undersigned observes that Plaintiff failed to certify that he conferred with Defendants' counsel prior to filing the motion as required under Local Rule 7.1(a)(3). Plaintiff has been warned previously that the Court will not condone or excuse failure to comply with the Local Rules. *Watkins v. Bigwood*, No. 18-CV-63035, 2020 WL 4922359, at *3 (S.D. Fla. Aug. 21, 2020) ("This is not the first time that Plaintiff has failed to comply with the Local Rules in general or this rule [7.1(a)(3)] in particular."). Accordingly, Plaintiff's motion must be denied for failure to comply with Local Rule 7.1(a)(3) pertaining to conferral.

---

[1] Providing a proper process for considering objections is particularly important here because of the potential privacy interests implicated by disclosing the requested information. Indeed, this privacy interest may explain the redaction of the birth dates on the incident report in the first instance.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for the U.S. Marshall to Serve a Subpoena (ECF No. 88) is **DENIED**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 18th day of November, 2020.

*Jared Strauss*
Jared M. Strauss
United States Magistrate Judge

cc:  U.S. District Judge Beth Bloom
All counsel of record